592 P.2d 72

STATE of Idaho, Plaintiff-Respondent,

v.

Charles Thomas WEST,
Defendant-Appellant.

No. 12620.

Supreme Court of Idaho.

March 14, 1979.

Charles F. McDevitt and John C. Lynn, Office of Ada County Public Defender, Boise, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PRATHER, Justice Pro Tem.

Appellant West herein was charged with a felony offense of driving while under the influence of intoxicating liquor. He first entered a plea of not guilty. On the day before his scheduled trial appellant appeared in court with his attorney and advised he wished to change his plea to guilty. Upon questioning by the court, appellant advised that he recalled from his original arraignment that the penalty for driving while under the influence of intoxicating liquor could be up to five years in the penitentiary. The court readvised appellant of his presumption of innocence, his right to jury trial, his right to confront witnesses, his right to present defense witnesses, his right to remain silent throughout trial and that a plea of guilty would be considered an admission of the truth of the charge. The court was advised by appellant's counsel that appellant had been fully advised as to his possible defenses, his rights and the consequences of his guilty plea and that all necessary discovery had been completed. Before accepting the plea

of guilty, the court interrogated the appellant extensively. His responses were direct, responsive and coherent. Appellant stated that he was charged with driving his motor vehicle while under the influence of intoxicating liquor, that he knew it was a felony punishable by up to five years in the penitentiary, that he had received no promises of leniency, that he did not expect probation and that he had not been threatened. Appellant further stated to the court that he did not think himself innocent and was pleading guilty because he saw no point in a trial when "I know I am guilty." Appellant further advised that he had decided a week before to plead guilty. Appellant stated he understood he was admitting the truth of the charge against him, and that to be guilty of the charge he had to be under the influence of intoxicating liquor and operating a motor vehicle on a public highway or street. Appellant also advised the court that earlier in the day of the offense he had taken antabuse and valium and did not remember where he got the liquor. Appellant also indicated he felt both his medication and the liquor had affected him. Appellant stated to the court that he understood that even though he could not remember taking a drink, that by pleading guilty he was admitting the truth of the charge that he had.

The court specifically found that appellant understood the nature of the charge, the consequences of a guilty plea and that there was a valid basis for this plea and that it was entered freely and voluntarily.

■ Appellant contends the record does not show sufficient factual basis independent of the plea of guilty to establish he had imbibed intoxicating liquor. However, it is noted that he at no time denied that he had. He only professed that he could not remember where he got it. This statement was itself a tacit admission that he had

been drinking intoxicating liquor. The record shows he clearly understood the necessary elements of the charge against him and that he understood he was admitting the truth of the charge.

■ Appellant contends the record does not show he clearly understood whether he was pleading to driving under the influence of intoxicating liquor or to driving while under the influence of a drug. Detailed explanations in that regard would be unnecessary in this case. They would but explain a technical distinction without a difference to the appellant. I.C. § 49-1102 proscribes the operation of a motor vehicle by a person impaired by either drugs or liquor. Subsection (a) deals with intoxicating beverages and subsection (c) deals with any drug or any combination of a drug and intoxicating beverage. Subsection (e) prescribes the same penalty for violation of either subsection (a) or (c) and applies equally to both.

Thus, even if appellant felt he was under the influence of a prescribed drug or a combination of the drug and liquor, he would have been subject to the same penalty under the same statutory provision.

The record amply demonstrates that entry of the plea of guilty by appellant was voluntarily, knowingly and intelligently done. The action of the trial court in accepting the plea is affirmed.

SHEPARD, C. J., DONALDSON and BISTLINE, JJ., and BEEBE, J. Pro Tem., concur.