627 P.2d 798

STATE of Idaho, Plaintiff-Respondent,

v.

Ricky Ray OTT, Defendant-Appellant.

No. 13612.

Supreme Court of Idaho.

April 23, 1981.

Eric T. Nordlof and Alan Wasserman of Nordlof & Loats, Coeur d'Alene, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Ricky Ray Ott purloined eighteen silver dollars, valued at $190, from the parents of his common law wife. He subsequently pled guilty to the charge of grand larceny. Following a presentence investigation which included a psychological examination, Ott was sentenced to serve an indeterminate term not to exceed seven years. The single issue presented is whether the trial court abused its discretion in imposing sentence.

The presentence report, which the court reviewed prior to sentencing, shows that Ott had thirty-three arrests in Washington in a thirty-one month period prior to being arrested in this case. Ott pled guilty to thirty-one of those charges, including one which was reduced from a felony (forgery) to a misdemeanor (criminal impersonation).[1] The other convictions were relatively minor traffic offenses. The presentence report also shows that Ott was charged with battery and resisting arrest in an incident which occurred after his arrest in this case but prior to sentencing and that another unrelated charge of possession of stolen property was pending against him at the time of sentencing. A charge of burglary arising out of the instant case was dismissed in return for Ott's plea of guilty to the grand larceny charge. Ott had a history of being unable to hold a job. A psychol-

1. This incident involved Ott's taking money from his brother's bank account without his brother's permission.

ogist who examined Ott apparently recommended external assistance and structure.[2]

 In arriving at its sentencing decision the court was within its authority in considering prior charges against Ott which had been dismissed and the pending charges against him for battery, resisting arrest and possession of stolen property. *See* I.C.R. 32(b)(2), (e)(1). Ott's sentence was one-half of the maximum sentence allowable. While the fact that a sentence imposed is less than the statutory maximum does not preclude a thorough review of the sentencing court's decision, *see State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978), *State v. Adams*, 99 Idaho 75, 577 P.2d 1123 (1978) (Bistline, J., dissenting), it is a factor to take into account in determining whether a sentence meets both the purposes of the statute under which a defendant is convicted and the particular circumstances surrounding an individual defendant. We have carefully reviewed the record in this case and, although a lesser penalty might have served Ott as well, and at less expense to the people of Idaho,[3] we cannot see an abuse in the exercise of the sentencing court's discretion.

**2.** Unfortunately, although the sentencing court relied to a large extent upon this psychologist's report, it has not been made a part of the record before us.

**3.** As noted, most of Ott's prior brushes with the law were in Washington.