661 P.2d 328

**STATE of Idaho, Plaintiff-Respondent,**

v.

**B. Douglas COFFIN, Defendant-Appellant.**

**No. 13912.**

Supreme Court of Idaho.

April 1, 1983.

W. Michael Walz, and Kathleen Rose Epeldi, Twin Falls, for defendant-appellant.

David H. Leroy, Atty. Gen., and Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

BAKES, Justice.

Defendant appeals from the convictions entered upon pleas of guilty of two counts of first degree burglary and of resisting an officer, and from the sentences imposed on each count. Affirmed.

Defendant was charged, by way of information, with two counts of first degree burglary in violation of I.C. §§ 18–1401, –1402 and –1404, and with resisting an officer, I.C. § 18–2703, all felony charges. Pursuant to a plea bargain, the defendant entered pleas of guilty to each of the above listed offenses at his arraignment hearing held on July 25, 1980. After extensive questioning, the presiding judge accepted defendant's guilty pleas and ordered that a presentence investigation report be prepared and presented to the court. In accordance with the plea bargaining agreement, the court, pursuant to a motion by the state, dismissed charges of aggravated assault and aggravated battery that were pending in the district court.[1]

At the sentencing hearing which began on September 8, 1980, and was continued until September 9, 1980, the district court entered judgments of guilty on all three charges. After reviewing the defendant's prior criminal record, the court sentenced the defendant to a ten-year indeterminate term of imprisonment on each burglary conviction, the terms to run concurrently, and to an indeterminate five year term on the count of resisting an officer, the latter term to run consecutively to the sentences imposed on the burglary convictions. Defendant appeals from the judgments of conviction and sentences imposed on all three counts. We affirm.

The principal issue raised by defendant on appeal is whether the trial court erred in accepting defendant's pleas of guilty to the first degree burglary charges. The record, including the reasonable inferences drawn therefrom, affirmatively shows that defendant's pleas of guilty were voluntarily entered, that he understood and waived his constitutional rights and that he was informed of the possible consequences of his pleas. *See State v. Coutts,* 101 Idaho 110, 609 P.2d 642 (1980); *State v. Cleverly,* 101 Idaho 596, 618 P.2d 774 (1980); *State v. Flummer,* 99 Idaho 567, 585 P.2d 1278 (1978): *see also North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Defendant does not challenge the voluntariness of his pleas.

Instead, he alleges that the trial court erred in accepting his pleas of guilty to the first degree burglary charges without first establishing a sufficient factual basis for the crimes charged. The defendant accurately notes in his brief on appeal that there is currently no requirement in Idaho that the trial court must establish a factual basis prior to accepting a guilty plea.[2] *See, e.g.,* I.C.R. 11; *State v. Colyer,*

---

1. The record establishes that the plea bargain arrived at by the prosecution and the defendant provided that the state would move to dismiss certain charges pending against the defendant upon the court's acceptance of defendant's pleas of guilty to the two charges of first degree burglary and the charge of resisting an officer. In addition to the charges dismissed by the district court, charges to be dismissed by the magistrate court included malicious destruction of jail property, obstructing a police officer, and two other burglary charges.

2. We are aware that the Court of Appeals reviewed this question in *Schmidt v. State,* 103 Idaho 340, 647 P.2d 796 (1982), well after the convictions were entered in this case. In *Schmidt,* the Court of Appeals found that, generally, there is no requirement that courts in Idaho inquire into the factual basis for a plea. *Id.* at 345, 647 P.2d at 801. The Court of

98 Idaho 32, 557 P.2d 626 (1976). Furthermore, this Court has previously stated that a valid guilty plea, voluntarily and understandingly given, is a judicial admission of all facts charged by the indictment or information. *State v. Tipton,* 99 Idaho 670, 673, 587 P.2d 305, 308 (1978), *citing Clark v. State,* 92 Idaho 827, 832, 452 P.2d 54, 59 (1969): see *State v. Jackson,* 96 Idaho 584, 532 P.2d 926 (1975). A defendant, by entering a valid guilty plea, waives all non-jurisdictional defects and defenses, whether constitutional or statutory. *State v. Tipton, supra* 99 Idaho at 673, 587 P.2d at 308. Finally, a valid plea of guilty is conclusive as to guilt and obviates the necessity of the prosecution going forward with the evidence. *State v. Tipton, supra; Clark v. State,* 92 Idaho 827, 833, 452 P.2d 54, 60 (1969), and authorities cited therein. Nevertheless, the defendant alleges that the facts establish that he entered the cabins in the daytime, and, therefore, that the district court erred in accepting his pleas of guilty to first degree burglary when the facts failed to support those charges. We disagree.

The record shows that the informations charging the defendant with first degree burglary were read to the defendant at his arraignment. The informations contained the elements of first degree burglary, including the allegations that the burglaries occurred during the nighttime. Before accepting the pleas of guilty, the district court interrogated the defendant regarding his waiver of rights, his understanding of the English language, his education, the voluntariness of his pleas and the plea bargaining arrangement, and informed him of the maximum penalties that could be imposed on each count. The court accepted defendant's pleas of guilty only when convinced that they were freely and voluntarily given.

Defendant did not argue or otherwise inform the court at the arraignment hearing that he claimed to have entered the cabins in the daytime. Nor does the record disclose that the court was aware of the alleged factual discrepancy at that stage of the proceedings. The court did, however, expressly ask the defendant whether there was any reason other than the plea bargain why defendant was pleading guilty to these serious offenses. The following dialogue ensued:

"MR. COFFIN: Yes, sir. I understand your question. Pleading guilty because I am guilty, I guess, sir.

"THE COURT: And I suppose you feel that even if you pled not guilty, the chances of the State proving its case is pretty good. Is that a fair statement?

"MR. COFFIN: Yes, sir."

Thus, not only did the defendant's pleas of guilty to the first degree burglary charges constitute a tacit admission of the facts alleged in the informations but, prior to the court's acceptance of the guilty pleas, the defendant expressly admitted that he was guilty of the charges. Therefore, given the defendant's voluntary entry of pleas of guilty and express admission of guilt to the first degree burglary charges, we hold that the court was not obliged to establish a further factual basis for the charges and that the court did not err at this stage of the proceedings in accepting defendant's pleas of guilty to the first degree burglary charges. *See Sparrow v. State,* 102 Idaho 60, 625 P.2d 414 (1981); *State v. Cleverly,* 101 Idaho 596, 618 P.2d 774 (1980); *State v. Taylor,* 100 Idaho 105, 593 P.2d 1390 (1979); *State v. West,* 100 Idaho 16, 592 P.2d 72 (1979); *State v. Bradley,* 98 Idaho 918, 575 P.2d 1306 (1978).

Appeals found exceptions to this rule, including a plea of guilty coupled with an assertion of innocence, and went on to state that a court may have an obligation to conduct an inquiry of the factual basis for a plea if,

"after a plea is entered but before sentence is imposed—the court receives information raising an obvious doubt as to whether the defendant is in fact guilty. In such circum-

stances, the trial court should inquire into the factual basis of the plea, either to dispel the doubt or to allow the defendant to plead anew." 103 Idaho at 345, 647 P.2d at 801. We note, as will be discussed *infra,* that this defendant was given the opportunity to "plead anew," as suggested by the Court of Appeals in *Schmidt v. State, supra.*

The defendant's allegations that he entered the cabins during the daytime and, inferentially, that he was innocent of first degree burglary, came to the court's attention at the sentencing hearing held on September 8, 1980. The district court registered its concern that defendant pleaded guilty to first degree burglary when he claimed to have entered the cabins in the daytime. The court inquired as to whether the defendant had pleaded voluntarily and whether he was aware of the differences in sentences that could be imposed upon first and second degree burglary convictions. Defendant affirmatively answered both inquiries. The court then advised the defendant to think carefully about his pleas and to discuss the matter with his attorney, and further advised the defendant that the court would allow him the opportunity to withdraw his pleas of guilty to first degree burglary. The district court then recessed.

The court reconvened at approximately 3:00 p.m., on September 9, 1980. At that time the court asked the defendant whether he wanted to continue with or withdraw his guilty pleas. The defendant stated that he had thought about his pleas, had had time to discuss them with his attorney, and that he wished to continue with his pleas of guilty.[3] Only after the defendant reaffirmed his desire to plead guilty to the charges of first degree burglary did the trial court enter its judgments of conviction and impose sentences thereon.

In *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), the United States Supreme Court upheld the entry and acceptance of the defendant's plea of guilty to second degree murder, regardless of defendant's statements that he was innocent. The Supreme Court stated:

> "[W]hile most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty. *An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."* (Emphasis added.) 91 S.Ct. at 167.

The court determined that a guilty plea may be accepted when accompanied by protestations of innocence. 91 S.Ct. at 168.

This Court recently applied the rule announced in *Alford* in the case of *Sparrow v. State,* 102 Idaho 60, 625 P.2d 414 (1981). In *Sparrow,* the defendant alleged that he had not been adequately informed of the element of intent and that acceptance of his plea was therefore in error, particularly in light of the fact that he denied intent to commit the crime. This Court found that "the defendant's denial of criminal intent does not affect the validity of his guilty plea," *supra* at 61, 625 P.2d at 415, and held

---

3. The transcript of the September 9, 1980, sentencing hearing contains the following discussion:

"[THE COURT:] Mr. Coffin, I think we had some comments yesterday prior to a recess, at which time I again reminded you of the seriousness of the offense. I purposely continued the matter over night to give you an opportunity to think about this and to confer with your counsel to give more legal advice. Have you had an opportunity to do this?
MR. WALZ: Yes, sir.
MR. COFFIN: Yes, sir, I have thought about it.
THE COURT: And have you conferred with your attorney on this?
MR. COFFIN: Yes, sir.
THE COURT: Have you had sufficient time to talk with your lawyer since yesterday?
MR. COFFIN: Yes, sir.

THE COURT: And then I'll ask you then is it still your intention to continue with your pleas of guilty to the charges before this Court, or do you wish to withdraw your pleas of guilty?
MR. COFFIN: I wish to continue.
THE COURT: Now, I know we did have some conversation about the degrees of crimes and whether you were pleading guilty to one crime and said, no, I didn't commit the crime, or a different crime. Have you had time to reflect on this now?
MR. COFFIN: Yes, sir.
THE COURT: And it is your intention to continue with your plea? I'm not trying to talk you out of it.
MR. COFFIN: Well, I understand you're giving me all opportunity for my own good, but I made the pleas as part of a plea bargaining, and I wish to continue."

that under *North Carolina v. Alford, supra,* a voluntary plea of guilty may be accepted by a court "despite denial of any criminal intent." 102 Idaho at 62, 625 P.2d at 416.[4] *See State v. West,* 100 Idaho 16, 592 P.2d 72 (1979) (acceptance of guilty plea of driving while intoxicated upheld despite defendant's contention that record did not establish adequate factual basis): *see also State v. Birrueta,* 98 Idaho 631, 570 P.2d 868 (1977) (reaffirmed rule that person may plead guilty while maintaining innocence, but reversed on ground that defendant had not knowingly and intelligently entered plea); *State v. Jackson,* 96 Idaho 584, 532 P.2d 926 (1975) (cited *Alford* standard, but set aside conviction on ground that court incorrectly denied defendant's motion to withdraw guilty plea); *State v. Martinez,* 89 Idaho 129, 403 P.2d 597 (1965) (court approved acceptance of guilty plea although defendant stated that he could not remember commission of the crime).

The defendant in this action, like the defendant in *Alford,* voluntarily and intelligently entered his pleas of guilty pursuant to the terms of the plea bargaining agreement. At the sentencing hearing the court noted its concern that defendant pleaded guilty to first degree burglary while maintaining his innocence, *i.e.,* that he had entered the cabins in the daytime. The defendant was given ample opportunity to withdraw his plea, but nevertheless made a reasoned decision to continue with his pleas of guilty as charged, consistently with the terms of his plea bargain. This is clearly a case in which the defendant intelligently concluded that it was in his own best interest to enter a plea of guilty to the crimes charged. *See State v. Roderick,* 97 Idaho 82, 84, 540 P.2d 267, 269 (1975). He chose to take his chances that the trial court would exercise leniency in sentencing, as opposed to facing the additional charges which were

dismissed upon the court's acceptance of his pleas. Having struck a plea bargain with the prosecutor and insisted upon following that bargain when given the opportunity to withdraw his plea, defendant cannot now be heard to complain that the district court's acceptance of his pleas of guilty to the first degree burglary charges was in error. *See State v. Flummer,* 99 Idaho 567, 569, 585 P.2d 1278, 1280 (1978).

■ Defendant's remaining assignments of error relate to sentencing. First, the defendant argues that the trial court erred in imposing a sentence in excess of the maximum term allowed for a conviction of second degree burglary, five years, because the facts established that he was guilty only of second degree burglary. As discussed above, however, the district court did not err in accepting defendant's pleas of guilty to the first degree burglary charges. A valid plea of guilty is in itself a conviction. *See State v. Tipton,* 99 Idaho 670, 673, 587 P.2d 305, 308 (1978): *see also Kercheval v. United States,* 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927). Therefore, the trial court did not err in sentencing the defendant on his conviction of first degree burglary, and within the confines of I.C. § 18–1403, which allows imposition of a fifteen year sentence upon such conviction.

■ The defendant also alleges that the inclusion of previously dismissed charges in the presentence investigation report denied him of due process of law. This argument is without merit. The trial court expressly stated that in reaching its sentencing decision it would not consider charges which were pending, not located, or had been dismissed. Furthermore, consideration of charges which are pending or have been previously dismissed in arriving at a sentencing decision is within the sen-

4. In *Sparrow v. State, supra,* we stated: "As long as there is a strong factual basis for the plea, and the defendant understands the charges against him, a voluntary plea of guilty may be accepted by the court despite a continuing claim by the defendant that he is innocent." 102 Idaho at 61, 625 P.2d at 415. In this case, the record does not establish that the

prosecutor recited a factual basis for the charge, as did the prosecutor in *Sparrow.* However, as explained, *supra,* immediately prior to the court's acceptance of the pleas of guilty to first degree burglary, the defendant expressly admitted that he was guilty of the crimes charged.

tencing authority of the court. *State v. Ott,* 102 Idaho 169, 170, 627 P.2d 798, 799 (1981).

Next, the defendant alleges that the trial court erred in two respects in sentencing him to a five year consecutive sentence on the conviction of resisting an officer. First, defendant claims that there was confusion regarding the crime of which he was convicted. At the conclusion of the sentencing hearing, the court pronounced its judgment upon the two charges of first degree burglary and then upon the third crime of "assault upon a police officer." The defendant alleges that this statement may have indicated that the court intended to convict him only of assault upon a police officer, a misdemeanor, and that the court therefore should not have sentenced him to a term greater than that allowed for assault upon a police officer. The record, however, establishes that the complaint and information charged the defendant with resisting an officer by means of violence, a felony. In his brief on appeal, defendant admits that "the defendant knowingly entered a plea of guilty to the charge of felony Resisting an Officer." Immediately after pronouncing its judgment, the court imposed an indeterminate five year consecutive sentence upon "the final charge of resisting an officer." Although the court at one point did say "assault upon a police officer," the record clearly demonstrates that all parties understood and proceeded on the charges of felony resisting arrest, and that the court intended to and did enter a conviction upon that charge. Hence, the trial court did not err in sentencing the defendant for resisting an officer, the crime of which he was charged and convicted.

Finally, the defendant claims that the trial court abused its discretion in imposing a five year sentence upon the conviction of felony resisting arrest that would run consecutively to the sentences imposed on the burglary convictions. Under I.C. § 18–2703, the court was authorized to sentence the defendant to a prison term not exceeding five years. Where the sentence is within the statutory limits, an appellant has the burden of showing clear abuse of discretion on the part of the sentencing court. *State v. Olsen,* 103 Idaho 278, 285, 647 P.2d 734, 741 (1982); *State v. Stroup,* 101 Idaho 54, 55, 607 P.2d 1328, 1329 (1980); *State v. Wilson,* 100 Idaho 725, 726, 604 P.2d 739, 740 (1979). A review of the record in this case discloses that defendant had a lengthy criminal involvement, containing more than eighty charges. The trial court disregarded the vast majority of the offenses charged as either pending, dismissed, or traffic offenses, and limited its review to the remaining offenses, which included: grand larceny, disorderly conduct, resisting an officer, several battery convictions, abusing an officer, malicious injury to property, and possession of tear gas. The court also reviewed, among other things, defendant's history of probation violation, the relative frequency of his offenses, his pattern of living and demonstrated disregard for legal authority, and the facts and circumstances surrounding the offenses involved in this case. The trial court then determined that defendant and society would be best served by incarcerating the defendant for ten year indeterminate terms on each of the burglary convictions, the sentences to run concurrently, and to an indeterminate five year consecutive term for resisting arrest. On the state of this record, we find no abuse of the trial court's sentencing discretion and affirm the convictions and sentences imposed thereon.

DONALDSON, C.J., SHEPARD and HUNTLEY, JJ., concur.

BISTLINE, Justice, concurring.

There is little to be gained by not concurring, but I remain unimpressed by application of the cliche that on sentence review any sentence within statutory limits is prima facie acceptable—which results in the defendant presenting his appeal with two strikes against him. Apparently this defendant has done no time in the penitentiary until now. Assuming that he and society would benefit from some time, it might be that a total term of seven and one-half years would serve these interests as well as

fifteen years. One cannot ignore the cost to the taxpayers and the need to accommodate other defendants finding their way into the penitentiary. However, I yield to the concensus of four members of the court who have no problem with the sentence imposed.