684 P.2d 329

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Kevin TERRIS, Defendant-Appellant.**

**No. 14164.**

Court of Appeals of Idaho.

July 10, 1984.

Jon J. Shindurling, of May, May, Sudweeks & Shindurling, Twin Falls, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

WALTERS, Chief Judge.

Kevin Terris pled guilty to defacing, altering or obliterating the identification number of a motor vehicle, a felony under former I.C. § 49–592A(3). He received a five-year, indeterminate sentence. On appeal he raises four issues relating solely to his sentencing process. We will discuss and dispose of each of these issues in turn.

First, he contends his presentence report improperly included, as part of his criminal record, numerous charges which had been dismissed. We find no error. It is proper to include such information in a presentence report. *State v. Ott,* 102 Idaho 169, 627 P.2d 798 (1981); *State v. Coffin,* 104 Idaho 543, 661 P.2d 328 (1983).

Second, he questions whether the presentence report adequately presented an analysis of his psychological condition and of available sentencing and rehabilita-

tion alternatives. Our review of the record shows that the adequacy of the report in these respects was not questioned in the court below when Terris was sentenced. We note Terris did object to inclusion in the report of "unfiled" criminal activity, as speculative. That objection was sustained and the court ordered the objectionable material stricken from the report. We believe that an objection to part of the presentence report does not preserve for review on appeal another, unrelated issue concerning the adequacy of the report. Here the report satisfies the requirements of I.C.R. 32. We will not review a challenge to a presentence report where the report substantially complies with the rule and where no objection to it, in regard to the question raised on appeal, was urged at the sentencing hearing. *Holmes v. State,* 104 Idaho 312, 658 P.2d 983 (Ct.App.1983).

Next, Terris urges that his sentencing process was "tainted" as a result of alleged inflammatory and prejudicial remarks made by the prosecutor to the court. He suggests the court was misled by these statements in exercising its sentencing discretion. The record shows that the prosecutor simply argued to the court regarding evidence and information either presented by sworn witnesses or appearing in the presentence report. The prosecutor also responded to remarks of Terris' counsel which recommended Terris' desired disposition of the case. No objection was interposed to any of the statements made by the prosecutor.

■ It is well settled that, absent a timely objection to an alleged error in the trial court, an appellate court will not consider the issue on appeal. As noted above, by analogy, it has been held that failure to object to the adequacy of information provided in a presentence report precludes challenge to that report, for the first time, on appeal. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). For guidance we have reviewed the case of *State v. Coutts,* 101 Idaho 110, 609 P.2d 642 (1980). There the defendant-appellant interposed an objection to comments by the prosecutor

at the sentencing hearing. On appeal, our Supreme Court discussed the merits of the objection. We hold that a timely objection must be posed in response to alleged improper or inflammatory remarks made at sentencing, as was done in *Coutts,* in order to preserve the issue for review on appeal. Such a procedure would allow the sentencing court to make the initial determination whether the alleged remarks are inappropriate and to indicate on the record whether the court deems the content of the remarks to be a factor considered in arriving at its sentencing decision. No such objection having been made in this case, we decline to review the propriety of the prosecutor's remarks or to second-guess the effect those remarks may have had on the district judge.

■ Fourth, Terris argues it was error for the sentencing court to fail to state any reasons for the sentence. In a well written brief, citing American Bar Association standards and cases from other jurisdictions, Terris points out the value of a statement of reasons by the court when pronouncing sentence. We emphatically agree with Terris' argument. However, in an opinion issued the same day we heard oral argument in Terris' appeal, our Supreme Court held that it is not mandatory for a sentencing judge to set forth the reasons for the imposition of a sentence. *See State v. Nield,* 106 Idaho 665, 682 P.2d 618 (1984). We are constrained to abide by that directive. We hold it was not error for the district court to fail to give any reasons for Terris' sentence.

■ Finally, although Terris does not directly attack the length of his sentence as an abuse of discretion, that issue is implicitly at the heart of the appeal. We have reviewed the sentence under the criteria set forth in *State v. Toohill, supra.* We hold the length of the sentence was not an abuse of discretion. Finding no reversible error in Terris' sentencing process, we affirm the sentence.

SWANSTROM and BURNETT, JJ., concur.