787 P.2d 271

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Gary Joe HAWKINS,
Defendant–Appellant.**

No. 18099.

Supreme Court of Idaho.

Feb. 15, 1990.

Robert E. Kinney, Orofino, for defendant-appellant.

Jim Jones, Atty. Gen., Peter C. Erbland, Sp. Deputy Atty. Gen. (argued), Boise, for plaintiff-respondent.

BOYLE, Justice.

The defendant-appellant, Gary Joe Hawkins, was brought to trial on charges of murder of the first degree, burglary of the first degree, and grand theft arising out of the bludgeoning murder of Anna E. Christensen. Shortly after the state rested its case, but prior to the defense presenting its case, Hawkins entered pleas of guilty to all three charges. Three days later, Hawkins filed a motion to withdraw those guilty pleas. The district court, after careful and extensive inquiry, denied the motion on the basis that the pleas of guilty to the three charges were knowingly, freely, intelligently and voluntarily entered. Hawkins appealed the district court's denial of his motions. The Court of Appeals affirmed the decision of the trial court, 115 Idaho 719, 769 P.2d 596, and we thereafter accepted a petition for review.

On January 11, 1986, Anna E. Christensen, a seventy-two-year-old Lewiston woman, was bludgeoned to death in her home. Hawkins and an accomplice were charged with her murder and with taking approximately $235.00 in cash, some food stamps, cigarettes, and a bracelet from the victim's home. Initially Hawkins was charged with murder of the second degree, however, that charge was amended to murder of the first degree after he voluntarily waived extradition and was returned to Idaho from North Carolina. He was also initially charged with burglary of the first degree, grand theft, and conspiracy to commit burglary. Prior to trial the conspiracy charge was dismissed and Hawkins was tried on the three remaining counts.

At the time the charges were originally filed against Hawkins, he was seventeen years of age, and his eighteenth birthday occurred during trial.

Jury selection took five days and an additional seven days were required to present the state's case. The evidence at trial consisted of approximately sixty exhibits and testimony from nearly thirty witnesses, one of whom was an alleged accomplice. After the state rested its case, and while confined in the Nez Perce County Jail over the weekend prior to the commencement of defendant's case, Hawkins attempted to suborn perjurious testimony from a fellow inmate at the jail. The inmate reported this incident to the police and the district court allowed the state to reopen its case to present this evidence. Shortly after the testimony of the inmate, Hawkins con-

ferred with counsel and family members and then moved to withdraw his not guilty pleas and he plead guilty to all three charges.

Due to the serious nature of the charges, the lengthy penalties involved, and the youth of the defendant, it is necessary to carefully review the procedures followed by the trial court judge prior to accepting Hawkins' change of plea to the three charges. A review of the trial transcript reveals that the district judge carefully and extensively inquired of Hawkins concerning his decision to change his plea and plead guilty to the three charges. The district judge inquired whether the defendant wanted additional time to further consider his decision or to talk with his attorney, to which Hawkins replied that he did not. The district judge then inquired whether there had been any promises made to him, to which Hawkins answered in the negative. It was during this point in the proceedings that the prosecutor confirmed on the record that he would not seek consecutive sentences on the three charges and that he would not file additional charges against Hawkins on three other potential cases, one of which was the alleged subornation to commit perjury.

The district judge then discussed in detail with Hawkins the consequences of pleading guilty to the charges, and the effect of not continuing with the trial. The district judge informed Hawkins that by pleading guilty he would waive certain constitutional rights including his right to a jury trial, his right to require the state to prove his guilt on each material element beyond a reasonable doubt, his right against self-incrimination, and that he would waive his right to present witnesses and evidence in his own defense by pleading guilty. The district judge also informed Hawkins that by pleading guilty he subjected himself to the maximum punishments allowed for each of the respective charges, and inquired into Hawkins' age and level of education. Hawkins was advised that the district judge was not bound by any promises or representations made by the prosecution. Hawkins was also asked by the district judge whether he was pleading guilty only because the state

indicated it would not file additional charges against him, to which the defendant replied that he was not, but that he was tired and the state had proved its case.

After further discussing the ramifications of pleading guilty to the three charges, the trial court once again asked Hawkins if he still desired to plead guilty and to terminate the trial. Hawkins responded that he desired to plead guilty and that he was satisfied with the representation of his attorney.

Only after this extensive colloquy did the trial court accept the guilty pleas, terminate the trial, excuse the jury, and order a pre-sentence investigation.

Three days later, and prior to the sentencing hearing, Hawkins filed a motion to withdraw his pleas of guilty. At the same time, defense counsel filed a motion requesting that he be allowed to withdraw as attorney for defendant because Hawkins had given an interview to the news media during which he stated that his attorney's representation had been inadequate. Counsel's motion to withdraw was granted and new counsel was appointed to further represent the defendant. Hawkins then filed a motion for a psychiatric evaluation to determine his mental competency at the time he changed his pleas. This motion was granted and Hawkins was examined by a psychiatrist.

At the hearing on Hawkins' motion to withdraw his guilty pleas he asserted that he was suffering from exhaustion on the day he changed his pleas to guilty and raised a question concerning his fitness to make the decision. Hawkins further testified that he was physically ill on the day he entered his pleas of guilty, that he had slept poorly the previous night, had not eaten properly, and was experiencing chest pains and stomach sickness. Hawkins also testified that when he plead guilty to the murder of the first degree charge he was under the impression he was actually pleading to murder of the second degree.

The psychiatrist appointed to determine Hawkins' competency responded on cross-examination that Hawkins "was likely com-

petent to have entered his plea," however, his decision making process was significantly influenced by his emotional condition and depressed mood. The psychiatrist testified that Hawkins' decision making process at the time he entered his pleas was influenced by his emotional condition and that the pleas were made in an attempt to provide himself with emotional relief more than any other factor. However, the psychiatrist testified that Hawkins was competent at the time, notwithstanding the emotional turmoil he was experiencing, and that he understood the nature of the charges pending against him and that he knowingly, voluntarily and intelligently entered the pleas of guilty at the time he changed his pleas.

After hearing all the evidence, the trial court denied defendant's motion to withdraw his guilty pleas on the basis that the pleas were entered voluntarily, knowingly and intelligently. We affirm the judgment entered upon defendant's pleas, and uphold the prison sentences imposed.

## I.

Before a trial court accepts a plea of guilty, the record must show that the plea has been made knowingly, intelligently and voluntarily, and the validity of a plea is to be determined by considering all the relevant circumstances surrounding the plea as contained in the record. *State v. Colyer*, 98 Idaho 32, 557 P.2d 626 (1976). As provided in *Colyer*, whether a plea is voluntary and understood by a defendant requires inquiry into three basic areas. The first is whether the defendant's plea was voluntary in the sense that he understood the nature of the charges and was not coerced. Secondly, whether the defendant knowingly and intelligently waived his rights to a jury trial, to confront his accusers, and to refrain from incriminating himself. Thirdly, it must be determined whether the defendant understood the consequences of pleading guilty. 98 Idaho at 34, 557 P.2d at 628 (1976). In *Colyer* we stated "[I]t is clear that the voluntariness of a guilty plea can be determined by considering all the relevant surrounding circumstances contained in the record." 98 Idaho at 34, 557 P.2d at 628.

At the hearing on the motion to withdraw the guilty pleas, the district judge heard testimony from a variety of sources. Various officers from the county jail testified concerning Hawkins' condition at the time of confinement. Hawkins' former attorney described the negotiations and discussions that preceded the guilty pleas and the psychiatrist testified concerning Hawkins' competency. Based on this testimony and his observations of Hawkins during trial, the district judge found that Hawkins was capable of making a rational, knowing and intelligent decision at the time the pleas were entered. Furthermore, he found that Hawkins understood each of the charges against him, including murder of the first degree and that the pleas had not been induced by any promises or coercion.

Having carefully reviewed the record and the transcripts, we are of the opinion that the trial court's findings of fact are supported by substantial, competent evidence. The record fully sustains the district judge's conclusion that Hawkins' guilty pleas were given knowingly, intelligently and voluntarily. Hence, we hold that Hawkins' guilty pleas were constitutionally valid.

## II.

Motions to withdraw guilty pleas are governed by Rule 33(c), which provides:

(c) Withdrawal of plea of guilty.—A motion to withdraw a plea of guilty may be made only before sentence is imposed or imposition of sentence is suspended, but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

It is well established in this state that the granting or denial of a motion to withdraw a guilty plea is within the discretion of the trial court, and that such discretion should be liberally exercised. *State v. Martinez*, 89 Idaho 129, 138, 403 P.2d 597, 603 (1965); *see also State v. Creech*, 109 Idaho 592, 594, 710 P.2d 502, 504 (1985), citing *Kien-*

*len v. United States,* 379 F.2d 20, 24 (10th Cir.1967).

A primary issue on appeal in cases where defendant has attempted to withdraw a guilty plea is whether the district court abused its discretion in denying the motion. *State v. Ballard,* 114 Idaho 799, 761 P.2d 1151 (1988). As noted in *State v. Ballard,* 114 Idaho at 801, n. 2, I.C.R. 33(c) is the same as Federal Rule 32(d), and the federal case law is both helpful and relevant to the resolution of these issues. Federal case law clearly establishes that presentence withdrawal of a guilty plea is not an automatic right, *United States v. Barker,* 514 F.2d 208, 221 (D.C.Cir.1975); *Goo v. United States,* 187 F.2d 62 (9th Cir.1951), and that the defendant has the burden of proving that the plea should be allowed to be withdrawn. *Everett v. United States,* 336 F.2d 979, 984 (D.C.Cir.1964). Further, the standard of review in these cases is an "abuse of discretion" standard, *United States v. Rasmussen,* 642 F.2d 165, 167 (5th Cir.1981), and prejudice to the state is not a necessary finding for rejection of a motion to withdraw plea. *United States v. Rasmussen,* 642 F.2d at 168.

Exercise of the court's discretion is affected by the timing of a defendant's motion to withdraw a guilty plea. Rule 33(c) provides that a motion made after sentencing may be granted only to correct manifest injustice, however, a less rigorous standard applies to a motion made prior to sentencing. In *Ballard* we required that a defendant attempting to withdraw a plea of guilty prior to sentencing must demonstrate a just reason for withdrawal. 114 Idaho at 802, 761 P.2d at 1153.

Although the motion to withdraw the pleas in this instant case occurred prior to sentencing, the present circumstance is not contemplated by I.C.R. 33(c). In the present action Hawkins had been present during five days of jury selection and seven days of the state's evidence. This was not a case where a defendant plead guilty without having heard the evidence against him. In the present case Hawkins was well aware of the evidence against him and made a voluntary choice to change his pleas. Under these circumstances, where trial was into its third week, great deference must be given to the discretion of the district judge who has been present during all the proceedings and has conducted an extensive inquiry prior to accepting a change of plea, as occurred in this case. To treat this case as one where the plea was simply entered "before sentence is imposed" would result in district judges being extremely reluctant or refusing to accept a change of plea pursuant to a plea bargain negotiated after trial had commenced.

The district court extensively and carefully questioned Hawkins prior to accepting his change of pleas. The record clearly demonstrates that he was specifically informed about the effect of his guilty plea on his constitutional rights, that he was informed in detail of the elements of the crimes to which he was pleading guilty and that he fully understood the implications and consequences of the guilty plea. We conclude and hold that the district judge did not abuse his discretion in refusing to allow withdrawal of the guilty pleas. Hawkins has not demonstrated sufficient just reason to require withdrawal of his pleas as the record confirms that the pleas were knowingly, intelligently and voluntarily entered with an understanding of the consequences and implications of the pleas.

### III.

Hawkins asserts that the district judge did not specifically inquire as to whether he admitted to the acts constituting the crimes charged. In response to the district judge's inquiry, Hawkins stated that he was pleading guilty because he was tired and the state had proved its case. Thereafter, as set forth in this decision, the court conducted an extensive dialogue and colloquy regarding the rights Hawkins would be waiving and clearly established that the plea was knowingly, intelligently and voluntarily entered, that he understood and waived his constitutional rights, and that he was informed of the possible consequences of his plea.

■ There is no requirement that the trial court must establish a factual basis for the crimes charged prior to accepting a guilty plea. *State v. Coffin,* 104 Idaho 543, 545, 661 P.2d 328, 330 (1983). In *Coffin* we held:

> Instead, he alleges that the trial court erred in accepting his pleas of guilty to the first degree burglary charges without first establishing a sufficient factual basis for the crimes charged. The defendant accurately notes in his brief on appeal that there is currently no requirement in Idaho that the trial court must establish a factual basis prior to accepting a guilty plea. *See, e.g.,* I.C.R. 11; *State v. Colyer,* 98 Idaho 32, 557 P.2d 626 (1976). Furthermore, this Court has previously stated that a valid guilty plea, voluntarily and understandingly given, is a judicial admission of all facts charged by the indictment or information. *State v. Tipton,* 99 Idaho 670, 673, 587 P.2d 305, 308 (1978) (*citing Clark v. State,* 92 Idaho 827, 832, 452 P.2d 54, 59 (1969)); *see State v. Jackson,* 96 Idaho 584, 532 P.2d 926 (1975). A defendant, by entering a valid guilty plea, waives all nonjurisdictional defects and defenses, whether constitutional or statutory. *State v. Tipton, supra,* 99 Idaho at 673, 587 P.2d at 308. Finally, a valid plea of guilty is conclusive as to guilt and obviates the necessity of the prosecution going forward with the evidence. *State v. Tipton, supra; Clark v. State,* 92 Idaho 827, 833, 452 P.2d 54, 60 (1969), and authorities cited therein.

104 Idaho at 546, 661 P.2d at 331. *See also State v. West,* 100 Idaho 16, 592 P.2d 72 (1979).

Hawkins' argument that the present case is similar to the circumstances in *State v. Jackson,* 96 Idaho 584, 532 P.2d 926 (1975), is misplaced. The extensive dialogue and colloquy between the court and Hawkins prior to accepting the plea presents clearly distinguishable circumstances. While there is no requirement that the trial court must establish a factual basis prior to accepting a guilty plea, the evidence presented at trial clearly established the existence of such a factual basis. The defendant stated when he entered his guilty plea that the State had proved its case. In the present case the district judge also made specific findings concerning voluntariness and properly denied the motion to withdraw the guilty pleas.

### IV.

■ Having affirmed the trial court's decision denying withdrawal of the guilty pleas, we now consider the sentences imposed. Hawkins received an indeterminate life sentence for murder of the first degree; a concurrent, indeterminate fifteen-year sentence for burglary of the first degree; and a concurrent, indeterminate fourteen-year sentence for the grand theft conviction. Where a sentence is within the statutory limits established by the legislature, it will not be disturbed on appeal unless there is a clear showing of abuse of discretion. *State v. Ballard,* 114 Idaho 799, 761 P.2d 1151 (1988); *State v. Seifart,* 100 Idaho 321, 597 P.2d 44 (1979); *State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978); *State v. Chapa,* 98 Idaho 54, 558 P.2d 83 (1976). The sentences imposed were clearly within the statutory limits and do not constitute an abuse of discretion.

Accordingly, the judgments of conviction, including the sentences imposed for each crime, are affirmed.

BAKES, C.J., and JOHNSON and McDEVITT, JJ., concur.

BISTLINE, Justice, dissenting.

The Court in this case takes another questionable step down the erroneous path it first trod in *State v. Ballard,* 114 Idaho 799, 761 P.2d 1151 (1988). In *Ballard* the Court held that a defendant must:

> [S]how a 'just' reason for withdrawing his plea before sentencing.... [W]hen a just reason is presented, the defendant is entitled to relief unless the state makes a strong counter-showing of unfair prejudice.

114 Idaho at 804, 761 P.2d at 1156. My opinion in *Ballard* stated the clear reasons why such a requirement was wrong:

[T]he majority fails to recognize that the withdrawal of a guilty plea prior to sentencing merely allows one to exercise the constitutional rights to which every accused is guaranteed. Instead, the Court holds that one must advance a 'just reason' for the withdrawal. This is an unjustifiably high hurdle over which the defendant must jump.

The *relevant* inquiry should be whether the withdrawal of the plea is prejudicial to the prosecution. 'Judges can and do tolerate [a] less strict standard for presentence withdrawal because the inconvenience to court and prosecution from a change of plea is usually slight compared to the interest in protecting the accused's right to trial by jury.' Bond, *Plea Bargaining and Guilty Pleas*, § 7.4 at 7–11 (1983). In Georgia, one had an absolute right to withdraw a presentence plea of guilty. *Hamm v. State*, 123 Ga.App. 10, 179 S.E.2d 272 (1970). Michigan courts permit withdrawal with 'great liberality.' *People v. Price*, 85 Mich.App. 57, 270 N.W.2d 707 (1978). *See also McWherter v. State*, 571 S.W.2d 312 (Tex.Cr.App.1978) ('liberal practice' prevails in Texas). As a general rule, moreover, 'federal courts will usually permit the presentence withdrawal of a guilty plea as a matter of course.' *Bond, supra* at 7–8.

114 Idaho at 803, 761 P.2d at 1155.

Today's majority does *Ballard* one better. With this opinion the Court engrafts upon I.C.R. 33(c) a sliding scale approach to withdrawal of pleas based upon where in the process a particular defendant was at the time he or she wished to withdraw the plea. Such a sliding scale is *nowhere* contemplated by the rule. I.C.R. 33(c) states only that a plea may be withdrawn "before sentence is imposed." Sentence was not yet imposed on Hawkins. Therefore, at most he should have been required to put forth "a just reason" for withdrawing his plea. But no. Instead, says the majority:

Under these circumstances where trial was into its third week, great deference must be given to the discretion of the district judge who has been present during all the proceedings, and has conduct-

ed an extensive inquiry prior to accepting a change of plea.... To hold otherwise and treat this case as one where the plea was simply entered 'before sentence was imposed' would result in district judges being extremely reluctant or refusing to accept a change of plea pursuant to a plea bargain after trial had commenced.

At 289, 787 P.2d at 275.

Engrafting such a nebulous sliding scale approach onto I.C.R. 33(c) is neither judicially appropriate nor wise. The Court is seen as holding that withdrawal of a plea depends on whether a defendant is "well aware of the evidence against him." It seems to be not a rule of guidance, but rather an ad hoc, snap decision applicable only to the Hawkins case.

It provides *no guidance* to trial courts at all. How far into a trial is far enough? The State had put on seven days of its case against Hawkins—what if it had been five days into its case? Or three? Or one? What if a jury had been selected, but no evidence had been presented? What triggers this heightened "deference" to the trial court, and how much deference is "great deference"?

According to the *Ballard* rule, a defendant is required to give a just reason for the withdrawal of a plea, and the burden then shifts to the prosecution to show prejudice. Even though I continue to be troubled by the *Ballard* rule, application of *Ballard* in this case is preferable to what the majority does instead. The defendant here was barely eighteen at the time of trial, and came forward with a more than adequate "just reason" for wanting to withdraw his plea. He was exhausted, sick, depressed, and had not eaten properly, and he had thought he was pleading to murder in the second degree when he actually pled guilty to murder in the first degree. The psychiatrist testified that Hawkins' emotional condition affected his decision-making ability. Upon this showing, according to *Ballard*, the burden shifted to the State to show that substantial prejudice to the State would result in allowing the plea to be withdrawn. This the State did

not do. There were no assertions of witness unavailability or other substantive obstacles to the state presenting its case. Hawkins should be allowed the trial which on second thought he found preferable.

In so evaluating the situation, there is no criticism leveled at the district court. Rather, it is this Court which has the luxury of making a more detached and reflective review of the important constitutional rights at stake. The key point here is that Hawkins had *not* been sentenced and so should have been allowed to withdraw his plea pursuant to I.C.R. 33(c).