887 P.2d 67

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Clark PETERSON, Defendant–Appellant.**

No. 20556.

Court of Appeals of Idaho.

Dec. 22, 1994.

Weinpel, Woolf & Combo, Idaho Falls, for appellant.

Larry EchoHawk, Atty. Gen. and Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

PERRY, Judge.

Upon his plea of guilty, Clark Peterson stands convicted of sexual battery of a minor child sixteen or seventeen years of age. I.C. § 18–1508A(1)(a). He received a sentence of eight years, with a minimum period of three years' confinement. Peterson appealed. While his appeal was pending, Peterson filed an I.C.R. 35 motion for reduction of his sentence, which was denied by the district court following a hearing. Peterson filed an amended notice of appeal to include the denial of his Rule 35 motion.

On appeal, Peterson asserts that the district court erred in accepting his guilty plea, that his sentence is excessive and that the district court further erred in denying his Rule 35 motion. For the reasons stated below, we affirm the actions of the district court.

First, Peterson asserts that the district court committed fundamental error in its acceptance of his guilty plea. Peterson's argument is based upon what the state has deemed a typographical error in the amended information. Peterson was originally charged with a two-count complaint alleging acts of sexual battery which occurred be-

tween July 2, 1992, and August 15, 1992. The statute under which Peterson was charged went into effect on July 1, 1992. *See* I.C. § 18–1508A. Peterson waived his right to a preliminary hearing and was bound over to the district court for arraignment.

The state filed its information against Peterson alleging the same two counts. However, the information charged that the acts occurred between July 2, 19*90*, and August 15, 1992. Pursuant to a plea agreement with the state, an amended information was filed to allege one count of sexual battery and the second count was dismissed. The count contained in the amended information also alleged the July 2, 1990, through August 15, 1992, dates. No objection was ever made by Peterson to the language of the amended information, and no motion to amend was offered by the state. Peterson pled guilty to the amended information. He was sentenced to a three to eight-year term of imprisonment. Peterson did not attempt to withdraw his guilty plea before the district court, but appealed from the judgment of conviction.

Peterson claims for the first time on appeal, "It was fundamental error for the district court to accept appellant's guilty plea when the prosecuting attorney's Information alleged erroneous dates, and without inquiring further as to the specific time frame in which the sexual acts occurred."

In *State v. Lavy*, 121 Idaho 842, 828 P.2d 871 (1992), the Idaho Supreme Court explained:

Lavy asserts for the first time on appeal that the trial court committed reversible error by failing to specifically advise him of his right against self-incrimination. Lavy has never asserted that he was prejudiced or mislead [sic] by this omission.

It is well established that issues not raised in the trial court cannot later be raised on appeal, *State v. Mauro*, 121 Idaho 178, 824 P.2d 109 (1991); *State v. Martin*, 119 Idaho 577, 808 P.2d 1322 (1991), unless the alleged error would constitute "fundamental error." Fundamental error is error "which so profoundly distorts the trial that it produced manifest injustice and deprives the accused of his fundamental right to due process."

121 Idaho at 843–44, 828 P.2d at 872–73 (citations omitted).

▮▮▮ There is no requirement that the trial court must establish a factual basis for the crimes charged prior to accepting a guilty plea. *State v. Hawkins*, 117 Idaho 285, 290, 787 P.2d 271, 276 (1990); *State v. Coffin*, 104 Idaho 543, 545, 661 P.2d 328, 330 (1983). In *Coffin*, the Idaho Supreme Court held:

[The defendant] alleges that the trial court erred in accepting his pleas of guilty to the first degree burglary charges without first establishing a sufficient factual basis for the crimes charged. The defendant accurately notes in his brief on appeal that there is currently no requirement in Idaho that the trial court must establish a factual basis prior to accepting a guilty plea. Furthermore, this Court has previously stated that a valid guilty plea, voluntarily and understandingly given, is a judicial admission of all facts charged by the indictment or information. . . . Finally, a valid plea of guilty is conclusive as to guilt and obviates the necessity of the prosecution going forward with the evidence.

104 Idaho at 546, 661 P.2d at 331 (citations omitted). Therefore, having reviewed the record of the proceedings, we find that no error occurred in the district court's acceptance of Peterson's guilty plea.

▮▮▮ Peterson also asserts that his sentence is excessive and that the district court erred in denying his Rule 35 motion. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978). If the sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 825 P.2d 482 (1992). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution ap-

plicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982).

In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). Thus, we view Peterson's actual term of confinement as three years. In order for Peterson to show that his sentence is excessive, he must establish that, under any reasonable view of the facts, a period of confinement of three years for his conviction of sexual battery of a minor was an abuse of discretion. Where reasonable minds might differ, this Court will not substitute its own view for that of the sentencing judge. *Toohill*, 103 Idaho 565, 650 P.2d 707.

On review of a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App.1982). The sexual battery with which Peterson was charged was punishable by up to life imprisonment. I.C. § 18–1508A(1)(a).

The circumstances of the sexual battery are as follows. The victim in this matter was placed with the Petersons by the Department of Health and Welfare, initially in protective custody shelter care and then foster care. The reason for the placement was the victim's allegations of sexual abuse perpetrated upon her by her father. As noted, once in the Peterson home, there were approximately five acts of sexual battery over a three-month period, which included acts of unprotected sexual intercourse. The victim became pregnant, and the custody of the victim's expected child became a concern for all involved. Though there is support in the record for Peterson's claim that the sexual intercourse was consensual, consent is not an issue in this case. Vulnerable children placed in a foster home setting should not run the risk of further sexual molestation.

Peterson, however, had no prior criminal record. His work history with the United States Navy was exemplary. He continued to have the support of his wife, family and church. In view of Peterson's exemplary record, the sentence is a harsh one. However, we, like the district court, view Peterson's abuse of his position of trust as a foster parent to a troubled adolescent to be a serious aggravating factor. As noted above, where reasonable minds might differ, we will not substitute our sentencing preference for that of the trial court. Reviewing the entire record in this case, we hold that the court below did not abuse its discretion. The sentence imposed by the district court was reasonable.

To the extent that Peterson claims error in the district court's refusal to grant relief under his Rule 35 motion, we review that order under an abuse of discretion standard. *State v. Forde*, 113 Idaho 21, 740 P.2d 63 (Ct.App.1987). Absent an abuse of discretion, a sentence or a decision to deny reduction will not be disturbed if the sentence imposed is within the maximum period set by statute as punishment for the crime. *State v. Tolman*, 121 Idaho 899, 906, 828 P.2d 1304, 1311 (1992).

The district court denied Peterson's Rule 35 motion after conducting a hearing. The decision whether to conduct a hearing on an I.C.R. 35 motion to reduce a legally-imposed sentence is directed to the sound discretion of the district court. *State v. Findeisen*, 119 Idaho 903, 811 P.2d 513 (Ct.App. 1991). In ruling on Peterson's motion, the district court stated:

> ... Well, let me assure you at the outset that I don't take this lightly. I didn't take it lightly when you were here before, Mr. Peterson. I agonized over your case. I recognize the tragedy that that case reflects and represents to you personally, and to your family. I can only imagine the pain that it's caused you and your wife. I don't know if your children yet know about it, but if they do, then the pain and the embarrassment and humiliation that this caused you and everyone around you. I think that I can sort of understand that.
>
> I think that I can understand some of the problems and the trauma that it caused to [the victim]. And at the time of your

sentencing hearing I tried to take into account all of these factors. And I can tell you now that—and I may have told you then that it was not easy for me to sentence you as I did, because it's not a typical case that I see where a man like you comes before me where you have an excellent background. You have an impeccable record as far as the law is concerned. You had a bright future, it appeared, in the Navy, and then all of a sudden you do this. I can assure you that it's a lot harder for me to sentence someone like you than it is for someone who's been in here many times before, and I've tried everything possible and it hasn't worked, and I have to sentence them to a prison term.

But there were some circumstances in your case that troubled me greatly, and one, of course, as I think I mentioned at the time, was the position of trust that was placed in you and your family when [the victim] was placed in your home, and what I considered to be a severe, gross breach of that trust when these events occurred. I was appalled at the time that it happened once, but then when it happened several times, it bothered me even more....

. . . .

But hindsight is twenty-twenty, I understand, and so it's a difficult situation. But I want you and your family to understand that I did agonize and consider this case as carefully as I'm capable of considering it,

and I understand the impact that this type of a sentence has on you and your family, and I'm sorry for that. But unfortunately, I can't undo what happened nor can you.

The district court concluded that its original sentence was well-reasoned and that Peterson could not escape the serious consequences of the felony conviction involved in this case.

Having reviewed the district court's discretionary decision under the principles of *State v. Hedger*, 115 Idaho 598, 768 P.2d 1331 (1989), we hold that the denial of the Rule 35 motion was not an abuse of discretion.

Accordingly, we conclude no error occurred in the district court's acceptance of Peterson's guilty plea. We affirm the sentence of eight years, with a minimum period of three years' confinement for sexual battery with a minor. We also affirm the order denying Peterson's Rule 35 motion to reduce the sentence.

WALTERS, C.J., and LANSING, J., concur.