803 P.2d 563

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Paul Joseph PUGSLEY, Defendant–Appellant.**

**No. 18506.**

Court of Appeals of Idaho.

Jan. 4, 1991.

Byington, Holloway, Whipple & Jones, Burley, for plaintiff-appellant. Edwin W. Carter argued.

Hon. Jim Jones, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen., Boise, for defendant-respondent. James E. Leuenberger argued.

SILAK, Judge.

A jury convicted Paul Pugsley of aggravated assault. I.C. § 18–901(a); § 18–905. Following the trial, but prior to sentencing, Pugsley discovered a witness who offered hearsay testimony to impeach one of the state's main witnesses. Pugsley made a motion for a new trial, which the district court denied. Pugsley appeals.

The events which gave rise to this case occurred in the early morning of October 9, 1988. At trial, the prosecution produced evidence that Paul Pugsley drove up to the home of Janie Espinoza and fired several shots at her house. The prosecution's main witness was Mary Lou Castanada who testified that on the evening of October 8, 1988, she had been to a wedding with Janie and Gloria Espinoza, who were sisters-in-law. Earlier that evening, Castanada had seen Paul Pugsley at the Espinoza residence. She recognized him as someone

who had dated her roommate several years before. Later that night, Castanada and Janie and Gloria Espinoza returned to Janie's house to check on the children who had been left with a babysitter. Janie went into the house while Gloria and Castanada stayed in the car. Castanada was in the front seat. As Janie was leaving the house to return to the car, Castanada saw Pugsley slowly drive around the corner, lean across the front seat and fire five shots at the Espinoza residence. She obtained the license plate number of the car which was traced to Pugsley's mother. After Castanada testified to these facts, Pugsley was convicted.

After the trial, Pugsley discovered a new witness. He filed a motion for a new trial which he supported with the affidavit of Rafelita Solis. Solis is the ex-wife of Jose Beltran. Prior to his divorce from Solis, Beltran was dating Castanada. Solis said that following the shooting she talked to her ex-husband, who told her that he had talked to Castanada after the shooting, and that Castanada told him that she, Gloria, and Janie were all in the house when the shooting occurred. They had all thrown themselves on the floor in order to escape the gunfire and did not see the vehicle or the driver.

Both Castanada and Beltran testified at the hearing on the motion for a new trial. Beltran denied having made any statement regarding Castanada's whereabouts at the time of the shooting. He testified that he was under the influence of drugs when he had the conversation with Solis. He also testified that he had not talked to Castanada before he had the conversation with Solis. He testified that he never mentioned Castanada's name to Solis.

Castanada also testified at the hearing. She said she testified truthfully at the trial. She denied having told Beltran that she had not seen Pugsley fire at the Espinoza residence. After the hearing, the district court concluded that the new evidence was offered for impeachment only and would

not be admissible. The district court also concluded that the evidence was unlikely to result in an acquittal in a new trial. For the following reasons, we affirm.

■ The decision whether to grant a new trial rests in the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *State v. Olin,* 103 Idaho 391, 648 P.2d 203 (1982); *State v. Brazzell,* 118 Idaho 431, 797 P.2d 139 (Ct.App.1990). A motion for a new trial based specifically on newly discovered evidence, as here, must satisfy all of the following tests: (1) the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) the evidence is material, not merely cumulative or impeaching; (3) it will probably produce an acquittal; and (4) failure to learn of the evidence was due to no lack of diligence on the part of the defendant. *State v. Drapeau,* 97 Idaho 685, 691, 551 P.2d 972, 978 (1976); *State v. Palin,* 106 Idaho 70, 76, 675 P.2d 49, 55 (Ct.App.1983). We conclude that the district court did not abuse its discretion in denying the new trial motion. Solis' testimony was offered solely for impeachment purposes; moreover, it was not likely to produce an acquittal. Because Pugsley's argument fails on these two factors, we decline to reach the question whether the evidence should have or could have been known to Pugsley at the time of the trial through the exercise of diligence.

Impeachment evidence is offered to attack the credibility of the witness rather than to establish the existence or non-existence of a disputed fact. Pugsley offered Solis' testimony to establish that Castanada could not have seen him fire gun shots at the Espinoza residence. The evidence was offered to attack Castanada's credibility; it had no other purpose. It was impeachment evidence.[1] Thus, it fails the second prong of the *Drapeau* test. Based on this alone, Pugsley's motion for a new trial fails.

We also address the issue whether the evidence would be likely to produce an ac-

---

1. Indeed, because the testimony offered is double hearsay, it is questionable whether it is prop-  er impeachment.

**64**

quittal in a new trial. As the state points out, in order to obtain an acquittal in a new trial, Pugsley would have to convince a jury that Beltran told the truth when he allegedly told Solis that Castanada told him she did not see the assailant. Pugsley would also have to convince the jury that Beltran was lying when he denied having made any such statement about the shooting. The district court noted that, having heard all the testimony in the case, an acquittal would be unlikely. Pugsley has presented no convincing evidence to the contrary; thus, we defer to the factual findings of the district court and conclude that Pugsley has failed to establish the third prong of the *Drapeau* test as well.

For the foregoing reasons, we affirm the judgment of the district court.

WALTERS, C.J., and SWANSTROM, J., concur.