975 P.2d 782

Douglas Doyle ROBERTS,
Petitioner–Appellant,

v.

STATE of Idaho, Respondent.

No. 24254.

Supreme Court of Idaho,
Boise, November 1998 Term.

Feb. 22, 1999.

Fuller & Williams, Twin Falls, for appellant.

Hon. Alan G. Lance, Attorney General; LaMont Anderson, Deputy Attorney General, Boise, for respondent.

TROUT, Chief Justice.

Douglas Doyle Roberts (Roberts) appeals the district judge's denial of Roberts' petition for post conviction relief. In his post conviction proceedings, Roberts submitted the affidavits of four jurors from his trial. Roberts claims the district judge erred when striking those affidavits. Roberts also complains that the district judge erred in not finding ineffective assistance of counsel.

## I. FACTUAL AND PROCEDURAL HISTORY

***The Trial.*** Roberts is no stranger to the Idaho appellate courts. The following factual account is taken from this Court's decision in *State v. Roberts*, 129 Idaho 194, 923 P.2d 439 (1996). A jury convicted Roberts on two counts, Lewd and Lascivious Conduct with a Minor under Sixteen and Sexual Abuse of a Child under Sixteen. Roberts sexually molested one of his step-granddaughters. At trial, Roberts sought to exclude evidence that he sexually abused four other young girls, three of whom were also step-granddaughters. The fourth was the daughter of a woman with whom Roberts had once lived. The trial court excluded the evidence as to the fourth girl, but allowed the three step-granddaughters to testify.

Seeking to impeach the three step-granddaughters' testimony at trial, Roberts sought to introduce evidence that he was out of the state during the time period of the alleged abuse. During that time, Roberts was incarcerated in Nevada for a voluntary manslaughter conviction. While Roberts wanted to present this alibi, he did not want the jury to learn of his past incarceration. Roberts filed a motion in limine seeking to prevent the state from presenting evidence of his incarceration. The trial court ruled that if Roberts presented evidence of his alibi, the State could elicit evidence of his incarceration, but not the reason for which he was incarcerated. To avoid allowing the jury hear evidence of his past criminal activity, Roberts elected to forego presenting his alibi evidence. Following a guilty verdict, Roberts filed a motion for a new trial claiming ineffective assistance of counsel and that the evidentiary ruling "impermissibly dissuaded him from presenting his alibi evidence."

***First Appeal.*** Roberts appealed the trial court's denial of his motion for a new trial complaining of ineffective assistance of counsel and that the trial court erred in making certain evidentiary rulings. The Court of Appeals affirmed the conviction finding that ineffective assistance of counsel is not grounds for a trial court to grant a motion for new trial. *State v. Roberts*, 129 Idaho 325, 924 P.2d 226 (Ct.App.1995). Further, the trial court did not abuse its discretion when finding the evidentiary error insufficient to grant Roberts' motion for a new trial. *Id.*

***Petition for Review.*** This Court granted Roberts' petition for review but affirmed the conviction holding that although the trial court erred in making certain evidentiary rulings, those errors were harmless. *State v. Roberts*, 129 Idaho 194, 199, 923 P.2d 439, 444 (1996). Furthermore, ineffective assistance of counsel is not a basis for granting a motion for a new trial. *Id.* at 197, 923 P.2d at 442. In making its decision, this Court noted that "Roberts' ineffective assistance of counsel claim is more appropriately considered through an application for post conviction relief." *Id.* at 197, 923 P.2d at 442.

***Post Conviction Relief.*** In August 1996, Roberts filed a petition for post conviction relief. As grounds for the petition, Roberts alleged denial of due process and ineffective assistance of counsel. Roberts asserted that the trial court's erroneous evidentiary ruling precluded him from effectively cross-examining Roberts' three step-granddaughters who testified that Roberts had sexually molested each of them. Because of the trial court's ruling, Roberts was improperly dissuaded from presenting an alibi to impeach the girls' testimony.

To establish that his inability to present an alibi affected the outcome of the trial, Roberts sought to introduce affidavits from four jurors. In each affidavit, the juror indicated that had he or she known Roberts had been in prison in Nevada at the time of the alleged molestations, it could have made a difference in the verdict. The district judge granted the State's motion to strike the affidavits relying on I.R.E. 606(b). Subsequently, the district judge denied Roberts' petition for post conviction relief. This appeal ensued.

## II. STANDARD OF REVIEW

Post conviction proceedings are civil in nature. *State v. Bearshield*, 104 Idaho 676, 662 P.2d 548 (1983). To prevail, a petitioner must establish his grounds for relief by a preponderance of the evidence. *Nguyen v. State*, 126 Idaho 494, 887 P.2d 39

(1994). Upon review of a district judge's denial of a petition for post-conviction relief, this Court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *see also Russell v. State*, 118 Idaho 65, 794 P.2d 654 (Ct.App. 1990). When reviewing mixed questions of law and fact, this Court will defer to the factual findings of the district judge unless those findings are clearly erroneous. However, this Court will exercise free review of the application of the relevant law to those facts. *See Young v. State*, 115 Idaho 52, 764 P.2d 129 (Ct.App.1988).

## III. DISCUSSION

### A. Juror Affidavits

When this Court considered Roberts' earlier appeal, this Court found that while the district judge erred in ruling on Roberts' alibi testimony, the evidentiary error was harmless. To challenge that finding and establish a due process violation, Roberts submitted the affidavits of four jurors from his trial. In three of those affidavits, the jurors indicated that the outcome "might" or "could" have been different had they heard Roberts had an alibi. The fourth juror stated that the outcome "would" have been different. The district judge granted the State's motion to strike those affidavits under I.R.E. 606(b). Rule 606(b) provides:

> Upon an inquiry into the validity of a verdict ... a juror may not testify as to ... the effect of anything upon the juror's or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith, nor may a juror's affidavit ... be received for these purposes.

I.R.E. 606(b). The district judge found that the affidavits were "offered to demonstrate the effect that having certain information would have had on certain jurors' minds or emotions while deliberating, and address the forbidden area of the jurors' mental processes during their deliberation."

█ Roberts argues that I.R.E. 606(b) does not apply because he was not offering the juror affidavits to inquire into the validity

of the verdict but rather to attack this Court's holding that the error was harmless. Despite this creative argument, asking jurors whether the verdict may have been different had they known of Roberts' alibi improperly delves into how those jurors viewed and interpreted the testimony of the three step-granddaughters. The testimony relates to the jurors' deliberative processes which is specifically prohibited by rule 606(b). Thus, the district judge did not err in striking those affidavits.

### B. Ineffective Assistance of Counsel

█ To be entitled to relief on a claim of ineffective assistance of counsel, a claimant must show (1) that counsel's performance fell below an objective standard of reasonableness and (2) that counsel's deficiency prejudiced the claimant's case. *State v. Porter*, 130 Idaho 772, 791, 948 P.2d 127, 146 (1997) (citing *Strickland v. Washington*, 466 U.S. 668, 680–81, 104 S.Ct. 2052, 2060–61, 80 L.Ed.2d 674 (1984)). Furthermore, this Court evaluates counsel's performance at the time of the alleged error, not in hindsight. *Porter*, 130 Idaho at 791, 948 P.2d at 146. With the burden on the claimant, this Court presumes that "trial counsel was competent and that trial tactics were based on sound legal strategy." *Id.* at 792, 948 P.2d at 147. This Court will not attempt to second guess trial counsel's strategic and tactical decisions unless those decisions are made without adequate preparation. *State v. Carter*, 103 Idaho 917, 923, 655 P.2d 434, 440 (1981) (citing *State v. Tucker*, 97 Idaho 4, 10, 539 P.2d 556, 562 (1975)).

Roberts argues that the district judge erred in not finding ineffective assistance of counsel. On appeal Roberts points to numerous alleged deficiencies to support his claim for ineffective assistance of counsel, Mr. Thomas D. Kershaw (Kershaw).

(1) *Lack of preparation:* Kershaw did not adequately prepare for trial, spending minimal time interviewing witnesses.

(2) *Failure to call witnesses:* Kershaw failed to call Police Chief Campbell, Sergeant Carroll, and Creel Hammond, a Health and Welfare worker. Each would have testified that the allegations of the

three step-granddaughters were groundless.

(3) *Failure to introduce letters:* Kershaw failed to introduce two letters concerning an the investigation into the allegations of the three step-granddaughters which indicated those allegations were groundless.

(4) *Failure to present alibi:* Kershaw failed to present Roberts' alibi and never completely straightened out the evidentiary rulings concerning Roberts' alibi to determine how far the State could explore into Roberts' incarceration.

 Addressing the first allegation, the district judge found that even if Kershaw were not prepared, which the judge all but rejected, Roberts failed to show how he was prejudiced. Roberts presented two affidavits at the post-conviction proceedings. The two affiants, Georgianna Roberts and Janice Pendleton (Georgianna and Janice), claim that Kershaw did not adequately interview witnesses and that he did not use information given to attack the credibility of the victim and other witnesses for the prosecution. When giving Kershaw potentially helpful information, Georgianna and Janice claim Kershaw replied that he did not have enough time to raise the issues. Moreover, they allege Kershaw never met with Roberts to prepare for trial.

The record indicates that Kershaw spent at least 125 hours in Roberts' trial and preparation. Kershaw's billing records indicate that he spent a total of 155 billable hours on the case. Kershaw also submitted an affidavit stating that he did use some of the information referred to by Georgianna and Janice and questioned the victim concerning her inconsistent statements and her family's potential ulterior motive to fabricate the allegations. Kershaw did not remember ever telling anyone that he did not have time to present evidence. Kershaw's affidavit indicates that he met with Roberts prior to trial but could not remember how often. Most of Kershaw's contact was with Roberts' family. Kershaw also does not remember being informed of a number of events that Georgianna and Janice claimed to have discussed with him.

In addressing this allegation, the district judge ruled: "Petitioner has failed to show that if Mr. Kershaw was unprepared (this court doubts this allegation), how the result would have changed had he been better prepared." Based upon the record presented on this appeal, that finding is not clearly erroneous. The remaining alleged deficiencies, involving witness and evidence selection, pertain to Kershaw's tactical decisions. This Court will not second guess Kershaw's strategic choices because the record does not indicate that Kershaw made those decisions without adequate preparation. In addition, the district judge properly noted that even if Kershaw's representation was deficient, Roberts failed to establish prejudice.

## IV. CONCLUSION

For the reasons set out above, we affirm the denial of Roberts' petition for post conviction relief.

Justices SILAK, SCHROEDER, WALTERS and Justice Pro Tem JOHNSON, concur.