Douglas ROBERTS, Petitioner–
Appellant,

v.

The State of IDAHO and Warden Brill,
Prairie Correctional Facility, Appleton,
MN, Respondents–Appellees.

No. 99–35992.
D.C. No. CV–97–0050–S–BLW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 7, 2000.

Decided Jan. 18, 2001.

Before B. FLETCHER, HALL, and
TASHIMA, Circuit Judges.

## MEMORANDUM *

## BACKGROUND

Douglas Roberts was convicted in Idaho state court of one count of lewd conduct with a minor, in violation of Idaho Code § 18–1508, and one count of sexual abuse of a child, in violation of Idaho Code § 18–1506.[1] He petitions for a writ of habeas corpus claiming that the trial court erred by placing a condition on the introduction of his alibi defense, with which he intended to impeach the testimony of three other girls he allegedly molested. The trial court ruled that Roberts could testify that he was not in the state of Idaho at the time the molestations allegedly occurred, but that if he did so, the state could present evidence that Roberts was incarcerated in Nevada at the time in question. Roberts elected not to present the alibi defense. Roberts was convicted. His conviction was upheld on direct review, *see Idaho v. Roberts*, 129 Idaho 325, 924 P.2d 226 (Idaho Ct.App.1995), *aff'd*, 129 Idaho 194, 923 P.2d 439 (Idaho 1996), and his petition for post-conviction relief was denied, *see Roberts v. Idaho*, 132 Idaho 494, 975 P.2d 782 (Idaho 1999).

While his state petition for post-conviction relief was pending, Roberts filed a petition for a writ of habeas corpus in federal district court, claiming that the trial court's evidentiary error violated his Fourteenth Amendment right to Due Process, his right to confrontation under the Sixth Amendment, and the Ninth Amendment. The district court assigned the case to a magistrate judge for recommendation. In his report and recommendation, the magistrate judge suggested that the district court dismiss Roberts' Sixth and Ninth Amendment claims for failure to exhaust. He further recommended that the district court hold that the state trial court's evidentiary error was harmless under *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (holding that petitioners are not "entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice' "). The district court adopted the magistrate judge's report and recommendation and dismissed Roberts' petition.

On appeal, Roberts raises only two issues. He argues that the magistrate judge improperly presumed the correctness of the state courts' determination that the evidentiary error was harmless. He also argues that, in fact, the error was not harmless. We affirm the district court's dismissal of Roberts' petition.

## JURISDICTION

The district court granted Roberts a certificate of appealability on September 21, 1999. *See* 28 U.S.C. § 2253(c) (requiring certificate as prerequisite to appeal from denial of writ); Fed. R.App. P. 22(b)(1) (permitting district court to issue certificate). The state claims we are nevertheless without jurisdiction to hear this appeal because Roberts' notice of appeal was untimely.

It is undisputed that Roberts failed to file a notice of appeal within the 30 day limit set forth in Rule 4(a) of the Federal Rules of Appellate Procedure. The district court entered judgment for the state on March 9, 1999, and Roberts failed to file a notice of appeal and request for a certificate of appealability until May 6 or May

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The parties are familiar with the facts of this case; we recite only those necessary to explain our holding.

10, 1999, nearly two months later.[2] Roberts requested relief from the time limit because his counsel had confused the state and federal rules for filing a notice of appeal. The district court concluded that Roberts had established "excusable neglect" under Rule 4(a)(5)(A), since there was no evidence of bad faith or an attempt to delay the case. *See* Fed. R.App. P. 4(a)(5)(A) ("The district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) that party shows excusable neglect or good cause.").

 We review a district court's order granting a party an extension of time to file a notice of appeal for abuse of discretion. *Marx v. Loral Corp.,* 87 F.3d 1049, 1053 (9th Cir.1996). The state argues that the district court abused its discretion because the only reason for Roberts' delay in filing was his counsel's misapprehension of Rule 4(a), a simple rule. Although the state's argument is not without merit, the Supreme Court has emphasized that excusable neglect includes "situations in which the failure to comply with a filing deadline is attributable to negligence." *Marx,* 87 F.3d at 1054 (*quoting Pioneer Inv. Servs. Co. v. Brunswick Assoc.,* 507 U.S. 380, 394, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)) (internal quotation marks omitted). The Court has also explained that the inquiry is ultimately an equitable one, taking into account a variety of factors such as prejudice to the nonmoving party, the length of the delay, its impact on judicial proceedings, the reason for the delay, whether the reason was within the moving party's control, and whether the moving party acted in bad faith. *See*

*Pioneer Inv. Servs.,* 507 U.S. at 395. Moreover, our standard of review is deferential: "[T]his court cannot reverse the district court's ruling unless it has a definite and firm conviction that the lower court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Marx,* 87 F.3d at 1054 (refusing to upset district court's holding that an attorney's calendaring error constitutes excusable neglect). In the absence of evidence of bad faith or any indication that the state was materially prejudiced, we affirm the district court's finding of excusable neglect under *Marx* and *Pioneer.*

We therefore have jurisdiction under 28 U.S.C. § 2253(a).

## STANDARD OF REVIEW

 We review de novo a district court's grant of summary judgment denying a writ of habeas corpus. *Smith v. Stewart,* 189 F.3d 1004, 1008 (9th Cir. 1999).

## DISCUSSION

On appeal, Roberts contends that the magistrate judge and the district court improperly presumed the correctness of the state courts' legal conclusion that the trial court's error was harmless. *See Lawson v. Borg,* 60 F.3d 608, 612 (9th Cir.1995) (stating that a state court's conclusion that an "error was harmless is not a factual determination entitled to the statutory presumption of correctness" under 28 U.S.C. § 2254(e)(1)). Roberts also claims that the magistrate judge and the district court as well as the state courts were wrong to conclude that the trial court's evidentiary error was harmless. He stren-

---

**2.** The parties dispute the actual date of Roberts' filing. Roberts faxed his notice of appeal to the district court on May 6. He filed a notice of appeal and a request for a certificate of appealability on May 10. The exact date of Roberts' filing is not material to our decision.

uously argues that had he presented his alibi defense, it likely would have affected the outcome of the case. Thus, he concludes, the trial court's evidentiary ruling had a "substantial and injurious effect . . . in determining the jury's verdict" and so requires us to grant his petition for the writ. *Brecht,* 507 U.S. at 637.

■ However, the fact that a state trial court's error was prejudicial is not a sufficient basis for granting the writ. Before the writ can be granted, the petitioner must also establish that the error was in violation of federal law. 28 U.S.C. § 2254(a) (stating that a federal court may grant an application for a writ of habeas corpus to a state prisoner only if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States"). Roberts does not address this issue on appeal. Nowhere in his briefs does he explain how the trial court's evidentiary error violated federal law.[3]

The district court did not hold that the state trial court's error violated federal law, and Roberts does not argue this claim on appeal. Thus, even if we were to conclude that Roberts is correct in claiming that the district court improperly presumed the correctness of the state courts' legal conclusion that the trial court's error was harmless and that he is correct to argue that the trial court's error was, in fact, prejudicial, we would be powerless to grant the writ because he has failed to show that the error is in violation of federal law. *See, e.g., Pierce v. Multnomah County,* 76 F.3d 1032, 1037 n. 3 (9th Cir. 1996) (stating that our review is limited to those issues raised in an appellant's opening brief which are supported by argument). Because we must affirm the district court's dismissal of Robert's petition no matter how we rule on these issues, we decline to address them.[4] *See United States v. Kaluna,* 192 F.3d 1188, 1196 (9th Cir.1999) (en banc) (declining to consider issue raised on appeal where resolution of the issue would not affect the outcome).

## CONCLUSION

Roberts has failed to show that the trial court's evidentiary error violated any federal law. Thus, regardless of how we would decide the issues he raises on appeal, we must affirm the district court's dismissal of Robert's petition.

AFFIRMED.

**3.** In describing the procedural history of the case, Roberts states that he raised due process arguments before the state courts and before the federal district court. *See* Opening Brief of Appellant at 3–12. However, Roberts fails to articulate a theory that explains how the trial court's evidentiary error violated his federal rights. In his reply brief, Roberts responds to the state's claim that he failed to exhaust his federal due process claim in state court by arguing that he adequately raised the claim before the Idaho courts. *See* Reply Brief of Appellant at 7–13. However, he fails to provide any argument to this court as to

how the trial court's error violated federal law.

**4.** The state argues that Roberts failed to exhaust his federal claims in state court. Because we hold that Roberts has not raised federal claims to this court, we need not address the state's claim. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").