103 P.3d 460

**William (Bill) McKEETH,
Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 30864.

Supreme Court of Idaho,
Boise, November 2004 Term.

Dec. 17, 2004.

Stewart A. Morris, Boise, argued for appellant.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Ralph R. Blount, Deputy Attorney General, argued.

BURDICK, Justice.

William McKeeth appeals from the district court's denial of his petition for post-conviction relief. McKeeth contends his guilty pleas to multiple counts of sexual exploitation by a medical care provider were involuntary because of ineffective assistance of counsel. We agree and therefore reverse.

## I. FACTUAL AND PROCEDURAL BACKGROUND

William McKeeth, a licensed professional counselor, pleaded guilty to six counts of sexual exploitation by a medical care provider. The charges arose from allegations that McKeeth had sexual contact with six patients. McKeeth's counsel drafted a conditional plea agreement containing a reservation of rights, to which the State consented. The plea agreement provided for McKeeth to be able to appeal from the district court's denial of his pre-trial motions. It also provided that "[i]f the defendant prevails on appeal, he will be allowed to withdraw his guilty plea to the charge."

According to testimony introduced later, in drafting the agreement McKeeth's counsel intended to preserve the right to withdraw McKeeth's guilty pleas to all six counts if he were able to prevail on appeal with respect to any single count. Additionally, it was later asserted that prior to pleading guilty, McKeeth was told by counsel that such rights had been preserved in the plea agreement.

Pursuant to the agreement, McKeeth entered *Alford*[1] pleas to all six counts. On McKeeth's first appeal, three counts were dismissed, and the remaining three were affirmed. However, the Court of Appeals did not permit McKeeth to withdraw his guilty plea to the remaining three counts, reasoning that the language of the plea agreement provided for McKeeth to withdraw his plea to only those counts he was able to prevail upon in his appeal.

Following the Court of Appeal's decision, McKeeth filed for post-conviction relief, claiming he received ineffective assistance of counsel because the plea agreement did not match his counsel's intent, nor did it include the protections his counsel had advised him it contained. A post-conviction evidentiary hearing was conducted in district court. Following the hearing, the district court denied his petition, and the ruling was subsequently affirmed by the Court of Appeals. McKeeth filed a petition for review with this Court which was granted.

## II. STANDARD OF REVIEW

When appellate review of a district court's denial of post-conviction relief follows an evidentiary hearing, rather than a summary dismissal, the evidence must be "viewed most favorably to the trial court's findings." *State v. Mathews*, 133 Idaho 300, 304, 986 P.2d 323, 327 (1999) (quoting *Storm v. State*, 112 Idaho 718, 720, 735 P.2d 1029, 1031 (1987)). When such a case comes to the Supreme Court after review by the Court of Appeals,

> this Court gives serious consideration to the Court of Appeals; however, this Court reviews the trial court decision directly. This Court is not merely reviewing the correctness of the Court of Appeals' decision; rather, this Court is hearing the matter as if the case were on direct appeal from the district judge's decision.

*Northland Ins. Co. v. Boise's Best Autos & Repairs*, 131 Idaho 432, 433, 958 P.2d 589, 590 (1998).

Post-conviction proceedings are civil in nature and therefore the applicant's allegations must be proven by a preponderance of the evidence. *McKinney v. State*, 133 Idaho 695, 699–700, 992 P.2d 144, 148–49 (1999). On review, the appellate court will not disturb the lower court's factual findings unless those findings are clearly erroneous. *Id.* at 700, 992 P.2d at 149. When reviewing mixed questions of law and fact, this Court will defer to the factual findings of the district judge unless those findings are clearly erroneous. *Roberts v. State*, 132 Idaho 494, 496, 975 P.2d 782, 784 (1999). This Court exercises free review of the district court's

1. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

application of the relevant law to the facts. *Id.*

## III. ANALYSIS

 McKeeth asserts that his guilty pleas were involuntary because he would not have pleaded guilty had he been effectively represented by counsel. When a plea is entered on the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.' " *Gilpin–Grubb v. State,* 138 Idaho 76, 82, 57 P.3d 787, 793 (2002) (quoting *Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203, 208 (1985)).

### A. The *Strickland* Test Generally

The test for determining whether a defendant has received effective assistance of counsel is the two-part test established by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674, 692 (1984); *State v. Mathews,* 133 Idaho 300, 306, 986 P.2d 323, 329 (1999). The first prong of the *Strickland* test requires the defendant to show that counsel's performance was deficient. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. The second prong requires the defendant to "show that the deficient performance prejudiced the defense." *Id.* In determining whether a defendant was deprived of reasonably competent assistance of counsel as guaranteed by the Idaho Constitution, article 1, section 13, Idaho courts employ the same two-part test. *Mathews,* 133 Idaho at 306, 986 P.2d at 329; *Aragon v. State,* 114 Idaho 758, 760–61, 760 P.2d 1174, 1176–77 (1988). Although *Strickland* concerned an allegation of ineffective assistance in a sentencing proceeding, the same standard applies equally to claims arising from the plea process. *Hill v. Lockhart,* 474 U.S. at 57–58, 106 S.Ct. at 369–370, 88 L.Ed.2d at 209–210; *Mathews,* 133 Idaho at 306, 986 P.2d at 329. Accordingly, we will consider each prong of the *Strickland* test as it applies to the present case.

### B. Deficient Performance

Deficient performance by an attorney is performance that falls "outside the wide range of professional norms." *Mathews,* 133 Idaho at 306, 986 P.2d at 329. McKeeth argues his attorney's performance was deficient because his attorney made a clerical error when drafting the conditional plea agreement. As a result of the clerical error, the agreement did not provide the protections the attorney intended to include, nor did it conform to what McKeeth was led to believe the plea agreement contained.

In particular, McKeeth's former counsel testified that out of haste he mistakenly left off an "s" at the end of the word "charge" on the plea agreement. Had the "s" been included as intended, McKeeth argues he would have been able to "withdraw his guilty plea to the *charges,*" rather than "to the charge" as provided in the text.

Following the evidentiary hearing on McKeeth's post-conviction ineffectiveness of counsel claim, the district court entered no findings with respect to whether counsel's representation was deficient, focusing instead on whether McKeeth was prejudiced by any alleged deficiency. Had the district court entered findings on the question of counsel's deficiency, those findings would have been granted deference on review provided they were "supported by competent and substantial evidence produced at the hearing." *Mathews,* 133 Idaho at 304, 986 P.2d at 327. Lacking any such findings, an appellate court has nothing to which it may grant such deference.

During the post-conviction evidentiary hearing not only did McKeeth and his original attorney testify they intended to reserve the right to withdraw the guilty pleas on all counts if McKeeth prevailed on appeal regarding any one of them, there was further supporting testimony. One prosecutor testified "that although they did not realize it at the time, they now believed McKeeth and his attorney did intend to reserve such a right." There was no evidence presented at the hearing to contradict the testimony suggesting McKeeth's trial counsel rendered deficient performance by not drafting the conditional plea agreement according to the terms

he and McKeeth intended to proffer. Therefore, we conclude McKeeth has satisfied the first prong of the *Strickland* test regarding his trial counsel's deficient performance in the plea process.

## C. Prejudice

■ The second prong of the *Strickland* test requires the petitioner to show he was prejudiced as a result of counsel's deficient conduct. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693; *Mathews,* 133 Idaho at 306, 986 P.2d at 329. When applying the prejudice prong to a case involving ineffective assistance of counsel in agreeing to a plea, the petitioner must show that counsel's deficient performance "affected the outcome of the plea process." *Hill,* 474 U.S. at 59, 106 S.Ct. at 370, 88 L.Ed.2d at 210; *Gilpin–Grubb,* 138 Idaho at 82, 57 P.3d at 793.

### 1. *Hill* test.

In *Hill v. Lockhart,* the defendant pleaded guilty to charges of first-degree murder and theft after prosecutors agreed to recommend a sentence significantly below the maximum that could have been imposed. 474 U.S. at 53–54, 106 S.Ct. at 367–368, 88 L.Ed.2d at 206–207. Before pleading guilty, the defendant was told by counsel he would be eligible for parole after serving one-third of his sentence. *Id.* at 54, 106 S.Ct. at 368, 88 L.Ed.2d at 207. In actuality, because the defendant had previously been convicted of a felony he would not be eligible for parole until one-half of his sentence had been completed. *Id.* at 55, 106 S.Ct. at 368, 88 L.Ed.2d at 207. The defendant in *Hill* filed a federal habeas corpus petition, alleging that because counsel had misinformed him as to his parole eligibility, his guilty plea was involuntary. *Id.* at 54–55, 106 S.Ct. at 368–369, 88 L.Ed.2d at 207–208. Applying the *Strickland* test, the United States Supreme Court wrote that "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59, 106 S.Ct. at 370, 88 L.Ed.2d at 210. There, the Court held that the defendant had

not been prejudiced by the mistaken advice of counsel because he "did not allege in his habeas petition that, had counsel correctly informed him about his parole eligibility date he would have pleaded not guilty and insisted on going to trial." *Id.* at 60, 106 S.Ct. at 371, 88 L.Ed.2d at 211. Additionally, the defendant mentioned no special circumstances indicating his parole eligibility was an important part of his decision to plead guilty. *Id.*

Here, unlike in *Hill,* McKeeth has alleged that without counsel's errors he would not have pleaded guilty. Had he known the plea agreement and reservation of rights did not contain the terms he was led to believe it contained, asserts McKeeth, no guilty plea would have been entered. Also unlike in *Hill,* McKeeth has offered evidence in the form of testimony by himself, his former counsel, and one of the original prosecutors that his mistaken understanding regarding the contents of the plea agreement was an important part of his decision to plead guilty.

### 2. District court did not cure the mistake at the plea hearing.

In the present case, after the post-conviction evidentiary hearing the district court determined McKeeth had an accurate understanding of the contents of the plea agreement because the court so advised the Defendant before accepting his plea. Any deficiency of counsel, reasoned the district court, was cured by its statement to McKeeth. The statement in question made by the district court to McKeeth contained the following language:

> The conditional plea, which is a plea in which the defendant has the right to appeal issues to the—in this case it would be the Supreme Court or the Court of Appeals. And in the event that the court is affirmed on those, the sentence would then be imposed. And in the event that the court was to be reversed on any of those issues, *it would be dispositive of the case.* It could result potentially in a dismissal of the charges, and certainly the defendant will be allowed to withdraw his guilty plea if this court is reversed on its rulings.

(Emphasis added.) As can be seen, the district court stated that if it were reversed on

"any [appealed] issues, it would be dispositive of the case." The "case" against McKeeth consisted of all six charges filed against him. In this context, by the use of the word "case," the district court conveyed to the defendant if the defendant prevailed on the appeal all six counts which made up the "case" would be dismissed. It cannot be interpreted that this language could have cured McKeeth's expectations concerning his conditional plea agreement. Rather than curing any misunderstandings regarding the terms of the agreement, the district court's statement to McKeeth increased his expectations. This Court finds the specific language used by the district court in this case was not adequate to cure the alleged ineffectiveness of McKeeth's counsel.

### 3. Probability of prevailing at trial.

The State proposes that in order to show prejudice McKeeth must demonstrate he would have had a reasonable probability of prevailing at trial. In this fact scenario that is incorrect. Whether a defendant would or would not have been likely to prevail at trial has no direct bearing on whether his guilty plea was entered knowingly and voluntarily. *See Hill,* 474 U.S. at 59, 106 S.Ct. at 370, 88 L.Ed.2d at 210. In *Hill,* the Court required only that a defendant "show that there was a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* The impact of counsel's errors on the defendant's chances of success at trial is a *factor* a court may use when determining the plausibility of the defendant's claim that those errors played a significant role in the decision to plead guilty. *See id.* In other words, the likelihood that without counsel's errors a defendant may or may not have been able to prevail at trial is relevant only to the extent it sheds light on the defendant's state of mind when he pleaded guilty. *See id.*

In *Hill,* the Court noted that "[i]n *many* guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through trial." *Id.* (italics added). The Court in *Hill* illustrated its point using scenarios such as where the alleged ineffective assistance involved a failure to discover potentially exculpatory evidence or to advise the defendant of a potential affirmative defense. *Id.* Those examples involve ineffective assistance that directly relates to matters that, but for a guilty plea, would arise at trial. *See id.* However, when the Court in *Hill* stated that the effect of counsel's ineffectiveness at trial would be relevant in *"many* guilty plea cases," it was not stating a rule applying to *all* guilty plea cases. *See id.* (italics added). In contrast to the examples given in *Hill,* here the alleged ineffectiveness of counsel involves issues surrounding the reservations of rights agreement, and has nothing to do with issues that would be raised at trial. Therefore, here we simply apply the test articulated in *Hill* requiring a defendant "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

To support his account, McKeeth has been able to offer more than his own potentially self-serving statement. McKeeth's trial counsel also testified and explained the logic of his strategy, and even one of the handling prosecutors retrospectively agreed with McKeeth's explanation of his intent. McKeeth also maintains the strategy of eliminating three counts of the charges before going to trial on the remainder is a common strategy. Common sense support's McKeeth's contention that his position at trial would have been improved by facing fewer counts, and fewer alleged victims. Indeed, McKeeth's account of his trial strategy is more plausible than the alternative: that he pleaded guilty on all counts in exchange for (1) the opportunity to appeal, which could equally well have been preserved at trial, and (2) the ability to withdraw his guilty plea to those counts vacated on appeal, which would have been meaningless.[2]

2. McKeeth's arguments on direct appeal included speedy trial and double jeopardy objections. *State v. McKeeth,* 136 Idaho 619, 622–27, 38 P.3d 1275, 1278–83 (Ct.App.2001). If a defendant prevails on such an objection, it is conclusive as

The State maintains that even if the word "charge" in the agreement had been rendered as "charges," it would not have communicated to the State that McKeeth intended to withdraw his guilty pleas to all six charges if he prevailed on appeal with respect to any one of them. The test in *Hill*, however, does not concern itself with the State's intent or understanding, focusing instead on the defendant's state of mind when choosing to plead guilty. *See id.*

The State next contends the attorneys who prosecuted McKeeth would never have agreed to the terms he sought, had they been clearly communicated. Whether the State would have hypothetically agreed to McKeeth's terms has no bearing on the voluntariness of McKeeth's plea due to being mislead by his counsel. The question regarding McKeeth's strategy is not whether it could or should have worked as intended. *See id.* Instead, the question is whether—even if misguided—it plausibly *could* have been McKeeth's strategy. This Court finds McKeeth's petition satisfies the prejudice prong of the *Strickland* test.

## IV. CONCLUSION

McKeeth's plea was not voluntarily made because it was based on the incorrect advice and understanding of counsel resulting from counsel's clerical error. Counsel's deficiency in drafting a plea agreement that did not contain the protections counsel and McKeeth intended to preserve constitutes ineffective assistance of counsel. But for his counsel's errors, McKeeth would not have pleaded guilty and would have proceeded to trial. This Court therefore reverses the district court and vacates McKeeth's guilty pleas to the remaining counts of the charges against him. This case is remanded for further proceedings before the district court.

Justices TROUT, KIDWELL, EISMANN and WOODLAND, pro tem, concur.

to the charges to which the objection applies—

rendering a prior guilty plea moot.