833 P.2d 917

**STATE of Idaho, Plaintiff–Respondent,**

v.

**John STEWART, Defendant–Appellant.**

**No. 19590.**

Court of Appeals of Idaho.

June 2, 1992.

Petition for Review Denied Aug. 12, 1992.

Gregory A. Jones, Kootenai County Public Defender, Joel K. Ryan, Deputy Public Defender, Coeur d'Alene, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Thomas P. Watkins, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SILAK, Judge.

John Stewart pled guilty to a charge of driving without privileges, I.C. § 18–8001, a misdemeanor, and was sentenced to six months in the county jail, with a $500 fine, and a six-month suspension of his license. The magistrate suspended all but 90 days of the jail sentence and placed Stewart on probation for two years. The magistrate also suspended all of the fine, but imposed court costs of $47.50. Stewart subsequently applied for appointment of counsel to represent him on an I.C.R. 35 motion and on appeal. The magistrate appointed a

public defender to represent Stewart, but ordered that Stewart at the conclusion of the case reimburse the county for the services of the public defender. On appeal, the district court affirmed Stewart's sentence. Stewart appeals from the district court's decision, asserting that the magistrate abused his sentencing discretion and erred by ordering reimbursement for the public defender's services. For the reasons set forth below, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

On November 9, 1990, Stewart was arrested in Idaho for driving while his license was suspended. When Stewart failed to appear on the charge, the magistrate forfeited Stewart's bond and issued a bench warrant for his arrest. After Stewart appeared before the magistrate on December 3, 1990, the magistrate quashed the bench warrant, reinstated Stewart's bond, and gave him two weeks to decide how he would plead. Stewart again failed to appear at a hearing scheduled for December 18, 1990, and the magistrate once again ordered that Stewart's bond be forfeited and issued another bench warrant. On March 11, 1991, Stewart's bond insurer surrendered him to the magistrate, and at a hearing held that same day, Stewart entered a plea of guilty to the charge of driving without privileges (DWP). After accepting Stewart's plea, the magistrate questioned Stewart regarding his criminal record and the numerous times he had failed to appear for hearings on past and current charges. After hearing Stewart's explanation of these issues, the magistrate sentenced Stewart as indicated above.

Subsequently, Stewart filed a motion for reconsideration of his sentence under I.C.R. 35, and applied for appointment of counsel to represent him at public expense. At that time Stewart was sworn and examined by the magistrate regarding his ability to pay for counsel. After this examination, the magistrate appointed a public defender to represent Stewart at public expense, but ordered Stewart to reimburse the county for the services of the public defender at the conclusion of the case. A hearing was later held on Stewart's Rule 35 motion. At the conclusion of the hearing, the magistrate denied the motion to reconsider Stewart's sentence.

Stewart then appealed to the district court, claiming that the magistrate abused his sentencing discretion. The district court upheld the magistrate's judgment and order. Stewart raises the same issue on appeal to this Court, and asserts the magistrate erred in ordering reimbursement to the county of public defender costs.

In this appeal, we are asked to review the appellate decision of the district court. In conducting this review we examine the record of the magistrate independently of, but with due regard for, the district court's decision. *State v. Van Sickle*, 120 Idaho 99, 101, 813 P.2d 910, 912 (Ct.App.1991). "Based on our review of the magistrate's findings and conclusions, we will affirm or reverse the district court's appellate decision accordingly." *Id.*

■ 1. *Review of Sentence.* "[I]f a sentence is within the statutory maximum, it will not be disturbed on appeal unless the appellant affirmatively shows a 'clear abuse of discretion.'" *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982) (citing *State v. Cotton*, 100 Idaho 573, 602 P.2d 71 (1979)). Idaho Code § 18–8001(3) provides that the maximum sentence for driving without privileges is six months in jail, a $500 fine, and suspension of driving privileges for six months following the end of any period of suspension, disqualification or revocation existing at the time of the violation. Because Stewart's sentence is within this statutory maximum, we review his sentence under the clear abuse of discretion standard.

■ On appeal, Stewart bears the burden of showing that his sentence is a clear abuse of discretion. *State v. Delin*, 102 Idaho 151, 627 P.2d 330 (1981). To carry this burden, Stewart must show that his sentence is unreasonable upon the facts of the case. *State v. Broadhead*, 120 Idaho 141, 145, 814 P.2d 401, 405 (1991); *State v.*

*Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982) (citing *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982)). A sentence is unreasonable, and thus an abuse of discretion, if it is longer than necessary to accomplish the primary sentencing objective of protecting society and to achieve any or all of the related sentencing goals of deterrence, rehabilitation or retribution applicable to a given case. *Toohill,* 103 Idaho at 568, 650 P.2d at 710. In determining whether a sentence is longer than necessary to achieve these sentencing goals we consider the actual term of confinement imposed in light of the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Shideler,* 103 Idaho 593, 594, 651 P.2d 527, 528 (1982); *State v. Reinke,* 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). In reviewing a sentence under the abuse of discretion standard, we will not substitute our view for that of the sentencing judge where reasonable minds might differ. *Toohill,* 103 Idaho at 568, 650 P.2d at 710.

In view of the facts and law recited above, we must determine whether a sentence of 90 days confinement is unreasonable in light of the nature of Stewart's offense, his character, and the sentencing objectives outlined in *Toohill.* We first consider the nature of Stewart's offense. Stewart pled guilty to driving without privileges, which offense he committed by driving a motor vehicle upon a highway of the state with knowledge that his license to drive was suspended by the state of Washington. I.C. § 18–8001(1). In considering the seriousness of this offense, we note that our legislature has provided that a first time offender shall receive a mandatory sentence of between two days and six months in jail and suspension of his driving privileges for an additional six months following the end of any period of suspension existing at the time of the violation. The sentencing court may also fine the offender up to $500. I.C. § 18–8001(2). We note that while the magistrate initially gave Stewart the maximum sentence for a first offense, the magistrate also suspended half of the jail time and all of the fine. Thus, Stewart received less than half of the sentence he could have received for his first offense under this statute.

We next consider Stewart's character. Stewart argues that his sentence is excessive because, given his lack of prior convictions, the magistrate failed to give adequate consideration to his potential for rehabilitation. Stewart's argument ignores other evidence relevant to his character which could have reasonably led the magistrate to conclude that a sentence of incarceration for 90 days was necessary. Stewart admitted that he probably had committed more than ten prior traffic violations, and that two prior DWP charges in Washington were still pending. Stewart also admitted that he had failed to appear eight times for hearings on the charges in Washington. In the current case, Stewart failed to appear twice for scheduled hearings, because he did not want to have to pay the fines that he knew would be imposed as a result of his criminal conduct.

The evidence in the record indicates that up to the time of sentencing in this matter Stewart showed no signs of rehabilitating so as to bring his conduct within the bounds of the law. In spite of numerous citations for traffic violations and at least two arrests for driving without privileges, Stewart continued to drive knowing that his license to do so had been suspended, and he continued to drive in ways which violated the motor vehicle code. Based on the facts of the case, it was not unreasonable for the magistrate to place less weight on Stewart's potential for rehabilitation and more weight on the need to protect society, deter future offenses, and punish wrongdoing. We conclude that the magistrate did not abuse his discretion in imposing this sentence.

 Stewart argues that his sentence should be reversed because the magistrate considered evidence of pending charges for which he had not been convicted. Idaho Criminal Rule 32(b)(2), however, provides that a trial court, in determining the sentence to be imposed, may consider prior dismissed charges and charges which are currently pending against the defendant. I.C.R. 32(b)(2); *State v. Coffin,* 104 Idaho

543, 661 P.2d 328 (1983); *State v. Ott*, 102 Idaho 169, 627 P.2d 798 (1981); *State v. Kohoutek*, 101 Idaho 698, 619 P.2d 1151 (1980). This information may be considered so long as the defendant has the opportunity to object to or rebut the evidence of his prior criminal conduct.

In this case, Stewart himself confirmed to the magistrate that he had a record of probably more than ten prior traffic violations related to speeding and DWP. He also admitted to the magistrate that two DWP charges were pending against him in Washington at the time he committed the current DWP offense, and that he had failed to appear eight times regarding those charges. The magistrate was entitled to consider this information as evidence of Stewart's character in fashioning a sentence that would adequately further the goals of sentencing.

2. *Order Requiring Stewart to Reimburse for the Public Defender.*

█ The magistrate appointed a public defender to represent Stewart at public expense on his I.C.R. 35 motion and his appeal, I.C. § 19–852(a), but also ordered that Stewart reimburse the county for the public defender's services at the conclusion of the case. Stewart argues on appeal that the magistrate's order for reimbursement was an abuse of discretion. Our review of the record, however, reveals that this objection was never made to the magistrate, nor was the issue raised on appeal to the district court. We will not address this issue because it is raised for the first time on appeal to this Court. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991); *see also State v. Kenner*, 121 Idaho 594, 826 P.2d 1306 (1992). Nor do we believe that this issue involves fundamental error. Accordingly, the appeal from the order requiring reimbursement for the services of the public defender is dismissed.

## CONCLUSION

After conducting an independent review of the record, we conclude that the magistrate did not abuse his discretion in imposing Stewart's sentence. The record reflects that the magistrate considered the established goals of sentencing and imposed a sentence that was reasonably necessary to achieve those objectives in light of the facts of the case. Accordingly, the district court's affirmance of the sentence imposed by the magistrate is affirmed. Because the issue is raised for the first time on appeal to this Court, the appeal regarding the magistrate's order requiring reimbursement for the public defender's services is dismissed.

WALTERS, C.J., and SWANSTROM, J., concur.