IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40269

| JUSTIN ROBERT WICKLUND, | ) | 2013 Unpublished Opinion No. 731 |
|---|---|---|
| | ) | |
| Petitioner-Appellant, | ) | Filed: October 30, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Order denying petition for post-conviction relief, affirmed.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Justin Robert Wicklund appeals from the district court's order denying his petition for post-conviction relief following an evidentiary hearing in which he alleged ineffective assistance of counsel. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Wicklund was originally charged with rape, aggravated assault, and domestic violence. However, pursuant to a plea agreement, he pled guilty to aggravated battery (I.C. §§ 18-903(b), 18-907(a)) and aggravated assault (I.C. §§ 18-901(b), 18-905(a)). The district court imposed a unified term of twelve years, with a minimum period of confinement of two years, for aggravated battery and a consecutive unified term of five years, with a minimum period of confinement of two years, for aggravated assault. Wicklund appealed and this Court affirmed his judgment of conviction and sentences in an unpublished opinion. See State v. Wicklund, Docket

1

No. 38697 (Ct. App. Dec. 29, 2011). Wicklund then filed a petition for post-conviction relief alleging, among other things, ineffective assistance of counsel in his criminal case. After giving notice of its intent to dismiss parts of Wicklund's petition, the district court dismissed all but the ineffective assistance of counsel claim. At an evidentiary hearing, Wicklund argued that his counsel was ineffective because he had failed to more strenuously object to the inclusion in the presentence investigation report (PSI) of an officer's probable cause affidavit from a dismissed 2009 rape charge. Wicklund also asserted that his counsel should have investigated and disclosed information regarding why that charge had been dismissed by the state. The district court rejected these arguments and denied the petition. Wicklund appeals.

## II.

## STANDARD OF REVIEW

To prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Nellsch v. State*, 122 Idaho 426, 434, 835 P.2d 661, 669 (Ct. App. 1992).

## III.

## ANALYSIS

Wicklund argues that his counsel was ineffective because he failed to investigate or present potentially mitigating information to the district court at sentencing. A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the

2

attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the proceedings would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

Wicklund contends that his counsel's performance fell below the objective standard of reasonableness because he failed to properly investigate the circumstances of a rape charge that was dismissed by the state in 2009. Generally, defense counsel is bound to conduct a prompt and thorough investigation of his or her case. *Richman v. State*, 138 Idaho 190, 193, 59 P.3d 995, 998 (Ct. App. 2002). A decision not to investigate or present potentially mitigating evidence is assessed for reasonableness, giving deference to counsel's judgment. *Cook v. State*, 145 Idaho 482, 495, 180 P.3d 521, 534 (Ct. App. 2008). The record indicates that Wicklund's counsel was aware of the dismissed 2009 rape charge, as demonstrated by his objection to the inclusion in the PSI of an officer's affidavit from that case. However, as noted by the district court, Wicklund failed to present any evidence showing what investigation his counsel did or did not do. Indeed, Wicklund's contentions of a failure to investigate are purely speculative. Without that evidence, we cannot determine whether any such investigation or lack thereof was unreasonable. As a result, Wicklund has failed to establish that his counsel's representation was objectively unreasonable due to a failure to properly investigate.

Alternatively, Wicklund argues that, even if his trial counsel did properly investigate the 2009 case, counsel's performance was still deficient because he failed to present the circumstances surrounding the dismissal of that case as mitigating evidence at the sentencing hearing. Wicklund bases this assertion on the testimony of the attorney who defended him in the 2009 case regarding why that case was dismissed. That attorney testified he believed the 2009 case had been dismissed because the state no longer thought the victim was credible. This belief was based on his investigation of the case, which allegedly revealed several witnesses who contradicted the victim's testimony, and because the state dismissed the case shortly after he presented it with this information. However, the attorney admitted that this opinion was based

3

purely on his own perception and not on any representations from the state or discussions with the victim. Indeed, the district court determined that Wicklund presented no nonspeculative evidence indicating why the 2009 rape charge was dismissed and stated:

> There are any number of reasons why the State may not have pursued the rape case against Wicklund. [His prior attorney]'s opinions of those reasons are pure conjecture insofar as the State's actual reasons are concerned. The fact that the State did not pursue the rape case does not mean that the factual assertions made by [the victim] are not true.

The attorney further opined that a failure to present the circumstances of that case to mitigate its damaging effect fell below a reasonable standard of conduct for counsel. Wicklund's counsel properly objected at the outset of the sentencing hearing to the inclusion of the dismissed 2009 rape charge in the PSI, indicating that he understood the potentially damaging effect it could have. The district court overruled counsel's objection, explaining in detail the case law that allowed it to consider information from the dismissed case. We cannot say that it was objectively unreasonable for Wicklund's counsel to not present the alleged circumstances behind the dismissal given the highly speculative nature of the information. Accordingly, Wicklund has failed to establish that his counsel's performance was deficient.

Even assuming arguendo that his counsel's performance was deficient, Wicklund has also failed to establish prejudice as a result of the alleged deficiency. Wicklund argues that he was prejudiced because the failure to present the alleged information allowed the district court to rely on a misconception of the details of the dismissed 2009 rape charge, resulting in a harsher sentence in the instant case. The prejudice prong of *Strickland* does not require proof that counsel's errors definitely would have altered the outcome of the proceedings. *Knutsen v. State*, 144 Idaho 433, 443, 163 P.3d 222, 232 (Ct. App. 2007); *see also Milburn v. State*, 130 Idaho 649, 659, 946 P.2d 71, 81 (Ct. App. 1997). Rather, it requires a reasonable probability that, but for counsel's inadequate performance, the outcome would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Knutsen*, 144 Idaho at 443, 163 P.3d at 232; *Milburn*, 130 Idaho at 659, 946 P.2d at 81.

In the context of sentencing, this standard is supplemented by the proposition that a sentencing court may properly conduct an inquiry broad in scope, largely unlimited, either as to the kind of information it may consider or the source from which it may come. *State v. Chapman*, 120 Idaho 466, 470, 816 P.2d 1023, 1027 (Ct. App. 1991). Moreover, a sentencing

4

court may, with due caution, consider the existence of a defendant's alleged criminal activity for which no charges have been filed or where charges have been dismissed. *State v. Ott*, 102 Idaho 169, 170, 627 P.2d 798, 799 (1981); *State v. Wickel*, 126 Idaho 578, 581, 887 P.2d 1085, 1088 (Ct. App. 1994); *State v. Stewart*, 122 Idaho 284, 286-87, 833 P.2d 917, 919-20 (Ct. App. 1992). This information may be considered so long as the defendant has the opportunity to object to or rebut the evidence of his prior criminal conduct. *Stewart*, 122 Idaho at 287, 833 P.2d at 920.

Here, Wicklund was given the opportunity at the evidentiary hearing to object to or rebut the affidavit from the 2009 case. Indeed, he acknowledges that his counsel objected to inclusion of the affidavit and moved to strike it from the PSI, but the district court denied that request. Moreover, the district court's statements indicate that it understood the legal context in which it could consider facts from a dismissed criminal charge, citing the relevant case law and stating multiple times that it considered the affidavit with due caution. The district court also specifically identified the facts from the 2009 affidavit that it would and would not consider:

> It was alleged rough sex, if you will, if not rape, and in particular at page four of the affidavit Mr. Wicklund is quoted or indicated as advising the officer that he had a history of violence and was taking medications for his numerous anger management issues. I believe that statement in particular can be considered by the court in terms of the underlying factual issues in the lengthy interview of Mr. Wicklund referenced by the state. *That's not before me and I give no weight to the reference to that interview, other than to what is referenced in the affidavit* which I haven't stricken and I just referenced just now.
> There is also reference to Mr. Wicklund making statements that he used a condom and so forth, so the fact that sex did occur is certainly referenced in the affidavit and I give weight to that, as well as to the factors set forth that the victim in that circumstance . . . was taken into surgery after an incision inside her vaginal canal which caused significant blood loss. To me those facts, notwithstanding due caution, are established.

(Emphasis added.) This demonstrates that the district court limited its consideration to only those facts from the 2009 case presented in the officer's affidavit. Although Wicklund contends that this information was not credible, he presents no evidence to contradict the assertions in the affidavit. The only evidence he did present pertained to his former attorney's opinion on why the 2009 case was dismissed. Wicklund could not be prejudiced by his counsel's failure to present this speculative evidence because it did nothing to rebut the facts presented in the 2009 affidavit.

In determining Wicklund's sentence, the district court discussed several other factors it considered in addition to the facts contained in the 2009 affidavit. Specifically, the district court

noted that Wicklund showed little remorse for his crime and minimized its severity in the PSI; the violent nature of the crime perpetrated against a physically smaller person and through use of a firearm; and this crime involved both violence and alcohol--issues that Wicklund had failed to address despite repeated past problems with both. The district court also considered the objectives of sentencing and determined, based only partially on the facts gleaned from the 2009 affidavit, that incarceration was required to vindicate the seriousness of the crimes committed and to adequately protect society from what it found to be a significant future risk of reoffending. Also, Wicklund's trial counsel raised several points at sentencing in favor of mitigation, including Wicklund's limited prior criminal record, compliance with the conditions of his pre-sentencing release, and other positive circumstances in Wicklund's life. Thus, the record demonstrates that the information in the 2009 affidavit was but one of several factors the district court considered in sentencing. Wicklund has failed to establish a reasonable probability that the outcome of sentencing would have been different had his counsel presented and the district court considered the information he asserts. Thus, the district court did not err by denying Wicklund's claim.

## IV.
## CONCLUSION

Wicklund has failed to show that his trial counsel's performance was deficient or that any such deficiency prejudiced him at sentencing. The district court did not err by dismissing Wicklund's claim. Accordingly, we affirm the district court's order denying Wicklund's petition for post-conviction relief. No costs or attorney fees are awarded on appeal.

Judge LANSING and Judge GRATTON, **CONCUR.**